## No. 9040.

### THE STATE OF LOUISIANA vs. SYLVESTER MILLER.

This Court, under its limited jurisdiction in criminal matters, can only review the ruling of the district judge refusing to grant a new trial—the motion therefor involving mixed questions of law and fact—when a bill of exceptions is taken to such ruling, and the evidence introduced on the trial of the motion is embodied in the bill or annexed and made part of it. Nor can the omission be supplied or cured by filing in this court an assignment of errors founded on the same grounds and referring to the same evidence. If the new trial is applied for on the ground of newly discovered evidence in the absence of any affidavit from the witness designated in the motion, as to the facts expected to be proved and annexed thereto, the motion will not be considered. Nor when it is apparent that there was a want of diligence in procuring the testimony.

A motion in arrest of judgment must be based on substantial defects in the indictment or irregularities in the proceedings, patent on the face of the record—evidence *aliunde* to support it not admissible.

APPEAL from the Sixth Judicial District Court, Parish of Morehouse. *Brigham, J.*

*J. C. Egan,* Attorney General, for the State and Appellee.

*Newton & Hall* and *F. Vaughan* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of shooting with intent to commit murder, and was sentenced to four years imprisonment at hard labor, and from this sentence appeals.

1. We find in the record a motion for a new trial. Besides the averment that the verdict of the jury was contrary to the law and evidence, the motion sets out the incompetency of the jury by reason of the term of this court at which the accused was tried being a final term and not a jury term; certain irregularities are charged in the orders of the judge calling the term and want of proper notice, etc.

This motion was overruled. There was a bill of exceptions taken to this ruling.

Under the earlier decisions touching the constitutional limitations confining the jurisdiction of the court to questions of law only, it was held that this Court was without power to review matters of fact appearing or introduced upon a motion for a new trial.

The present Court has departed from that rule to the extent, that where the motion presents mixed questions of law and fact, and a bill of exceptions has been retained to the overruling of the motion, and the evidence offered on the trial of the motion is embodied in the bill or annexed thereto, we would consider and determine it, but that in the absence of such conditions, we would not and could not do so under our limited powers. State vs. Redd, 32 A. 819; State vs. Nelson, Ib. 842; State vs. Ross, Ib. 854; State vs. Hudson, Ib. 1052. To this rule thus announced, we shall inflexibly adhere. This disposes of the motion for a new trial.

2. There is also a motion in arrest of judgment, based upon the identical grounds contained in the motion for a new trial. Inasmuch as the principle is elementary, that such a motion must be founded on some substantial defect in the indictment or in the proceedings of the prosecution under it, patent on the face of the record; it is evident that this motion in arrest is also excluded from our consideration. Whart. on Crim. Law, sec. 4043; 15 A. 185; 30 A. 91; 32 A. 526.

Nor can counsel alter or evade the rule by filing in this Court an assignment of errors, dependent entirely for its support on evidence—real and documentary—offered on the motion for a new trial, and as stated, not embodied in, attached to or accompanied by a bill of exceptions.

Unless the proceeding of the lower and the issues raised thereby are properly presented to this Court, we are powerless to grant relief, or to consider even the arguments and reasons urged therefor.

3. There was a second or supplemental motion for a new trial, based upon alleged newly discovered evidence.

In the absence of an affidavit of the witness designated in the motion and annexed thereto, confirming or supporting the allegations thereof,

and considering too the pendency of the prosecution for months before the trial, and the fact stated by the district attorney in his brief, and not denied, that the witness lived in the same town with the accused, and had been summoned by the State, and that her name appeared on the back of the indictment as such witness; we must conclude that the discretion of the trial judge was soundly exercised in refusing the motion.

Judgment affirmed.