State vs. Burt et al.

## No. 262.

### THE STATE OF LOUISIANA VS. JUD BURT ET AL.

1. Newly discovered testimony, for the purpose of impeaching a witness who has testified on the trial, is insufficient to justify the allowance of a new trial.

2. Much more importance is due to the testimony of a witness given on the trial in open court, than to any statements which he may have made, on some other occasion, either before or after the trial.

3. The same principles of law are applicable to the contradictory statements of persons *in extremis*, as are to those of a witness under examination under oath.

APPEAL from the Third District Court, Parish of Claiborne.
Barksdale, J.

State vs. Burt et al.

*E. H. McClendon* and *J. Henry Shepherd*, District Attorneys, for the State, Appellee:

In a criminal case a new trial will not be granted on newly discovered evidence when it appears that the object and effect of the new evidence is to impeach the credit of a witness who testified for the State. 38 Ann. 361; 35 Ann. 9; 34 Ann. 346; Knobbloch, pp. 335-336.

In matters of new trial, the ruling of the trial judge will not be disturbed, unless glaringly erroneous. 38 Ann. 361; 30 Ann. 365.

Before a witness can be discredited on the ground of having made a contradictory statement, he must first be put on his guard. Greenleaf, Vol. 1, Sec. 402.

And if he be dead this cannot be done. 35 Ann. 871.

---

*John R. Phipps* and *C. W. Seals* for Defendants and Appellants.

---

The opinion of the court was delivered by

WATKINS, J.   The defendants seek relief from a conviction of manslaughter, and a sentence to imprisonment at hard labor.   Their appeal depends upon their complaint of the refusal of the trial judge to grant them a new trial, on the ground of newly discovered evidence, since the trial, the purport and effect of which was to impeach the dying declarations of the deceased, by contradicting them in an important particular; and upon which dying declarations their conviction *solely* depended. The names of the three witnesses relied upon are given, and their affidavits are appended to the motion.

They show that the deceased made a statement to them, on the next day after he was shot, and of the wounds inflicted he died several days subsequently; and in the course of which he said "that he did not know who shot him; that he did not see the parties who shot, nor could he know them by their voices; and   *   *   the reason he did not make an affidavit against any one for shooting him, was that he did not know who shot him."

In the judge's reasons for refusing a new trial he does not state that there was other testimony than the dying declarations of the deceased, and hence the averment of the defendant's motion must be accepted as true.

The statement in the motion is of most material fact, and the trial judge does not certify that, if a new trial were granted, its introduction in evidence would not exercise an important bearing on the verdict of the jury; but he bases his ruling on the following ground, viz:

1. That the law and evidence justified the verdict.

2. That defendants did not exercise due diligence in procuring the evidence which was newly discovered.

State vs. Burt et al.

3. That the new evidence could only be introduced for the purpose of impeaching the dying declarations of the deceased, and, under the jurisprudence of this court, a new trial will not be granted for the purpose of admitting new evidence, the effect of which is "to impeach the conduct of a witness for the State, who has testified on the trial; and impeaching dying declarations must come under the same rule."

4. That, in his opinion, the newly discovered testimony could not be admitted, under any rule of law.

We need not consider the first ground assigned, because the question is not what was proved on the former trial, but what is the *value* of the proffered newly discovered testimony. The second cannot avail, because the motion avers that due diligence was used, and his counsel swear, positively and circumstantially, that they exercised all possible diligence in searching out, and obtaining evidence, and that the accused were continuously incarcerated in jail, after their indictment, on the charge of murder. This is a sufficient showing, on that score. The third ground assigned, presents the serious difficulty for our consideration.

Under varying circumstances this court, and its predecessors, have uniformly held that newly discovered testimony for the purpose of impeaching a *witness* who has testified on the trial, was insufficient to justify the allowance of a new trial. State vs. Johnson, 30 Ann. 306 ; State vs. Young, 34 Ann. 346 ; State vs. Fahey, 35 Ann. 12 ; State vs. Dukin, 35 Ann. 48; State vs. Williams, 38 Ann. 362; State vs. Gauthreaux, 38 Ann. 610:

These decisions are in perfect accord with the common law authorities. Whar. Crim. Law, Sec. 3354; Waterman's U. S. Crim. Dig. pp. 458, 459; Archibold Cr. Prac. pp. 649, 653.

But the contention of the defendants' counsel is to the effect—conceding the correctness of the rule announced in the authorities we have cited—that newly discovered evidence tending to impeach the dying declarations of a deceased person came under the operation of a different rule, and hence those authorities did not apply to the question raised here.

Their insistance is that while dying declarations are, under certain circumstances and restrictions, received *as* evidence, the deceased does not become *eo nomine* a witness, in the ordinary acceptation of that term.

The statement of a deceased person made *in articulo mortis* is not receivable in evidence as a witness; but, as we said in State vs. Keenan, 38 Ann. 662, " dying declarations are those made under a consciousness

of impending death. * * To this sense of impending death, the law attaches the solemnity of an oath, and impresses upon a statement made under it, the *character of evidence.*'

In State vs. Trivas, 32 Ann. 1088, we again said that statements made "under a sense of impending dissolution * * concerning the *res gestæ,* * * are to be accredited under the law, as would his sworn testimony in ordinary cases."

Thus it is, that the law gives sanction to the declarations of a deceased person, made while he is *in extremis,* as *equivalent* to evidence, but it does not make him a witness. He does not testify before the court and jury. The defendant has no opportunity afforded him of cross-examination. Ordinarily these declarations are made out of the presence of the accused, or of any public officer, and are simply detailed, in the presence of the jury, by other persons who were present.

It would, perhaps, seem reasonable that the rule announced in the preceding opinions, should not apply to dying declarations of a deceased person; but it appears to have been settled otherwise, for Wharton says, "nothing can be evidence in a declaration *in articulo mortis* that would not be so if the party were sworn." Whar. Crim. Ev. (eighth edition) Sec. 294.

He says further that "the same principles of law are applicable to the *contradictory* statements of persons *in extremis,* as they are to those of a *witness* under examination on oath." *Ibid.* Sec. 298.

The same learned author says in the same section that "in Ohio, however, it has been ruled, though with doubtful propriety, that when dying declarations are proved in a case, a statement of the deceased made at another time, which is neither a dying declaration, nor a part of the *res gestæ,* is not admissible to impeach such declarations." Wroe vs. State, 20 Ohio St. 460.

In furtherance of the same idea of this author, he says, "it has been held that evidence is admissible, on the part of the defence, to impeach the character of the deceased for truth, he standing on the *same footing as a witness called into court and then examined.*" *Ibid.* Sec. 302.

Bishop simply announces the principle tersely, that "the bad character of the defendant for veracity, may be shown to impeach his dying declarations, the *same* as of a witness. So, statements by the declarant, contradictory of his dying declarations, and contradictions in the latter, may be shown to detract from their weight with the jury." 1 Bishop's Crim. Prac. Sec. 1209.

Again he says: "Like other evidence, they are open to observation; but the jury, alone, are to decide on their effect, giving them such

weight as may seem to them, under all the circumstances, to be just."
*Ibid.* Sec. 1216.

There appears to be no material difference between the views entertained by these distinguished writers on the subject, and we must conform our jurisprudence to the principles they have announced.

In this view of the question propounded by the defendant's appeal, we think the ruling of the judge below was correct, and that he properly declined to grant a new trial to the defendants.

Judgment affirmed.