The opinion of the court was delivered by
Fenner, J.
The defendant was prosecuted for murder, convicted of manslaughter, and sentenced to pay a fine of $2000 and to suffer imprisonment in the State penitentiary at hard labor for the term of twenty years. He appeals from the verdict and sentence and relies for their reversal on two bills of exception taken to the refusal of the judge to give two special charges to the|jury as requested by him.
The first special charge is in the following words:
“I charge you that when two parties have had a difficulty, if one of them quits the combat and retreats in good faith, and is pursued by the other, who continues to follow him up with violence and hostility, and should it become absolutely necessary for the one retreating to turn and fell his pursuer in order to save his own life, he is justifiable, whether he was the aggressor in the beginning of the difficulty or not.”
It is not disputed that the charge embodies a sound statement of the law. State vs. Tucker, 38 An. 536, 789; 1 Archb. Cr. P. and P., p. 690; 9 Am. and Eng. Encyc. of Law, p. 602.
But the judge declined to give it, for the following reasons stated on the bill;
*971 “ Per Curiam: The facts did not justify such a charge. Thompson was a strong, robust man, armed with a loaded revolver concealed on his person. Mitchell was a boy 17 or 18 years of age, unarmed and open handed. Thompson was not in danger of his life or of great bodily harm. He could have retired from the contest just as his companion Moore did. There was but one difficulty. Mitchell was shot in the back of his head, evidently turning away from his assailant.”
The charge may not have been justified by the facts as the learned judge appreciated them, but it was certainly applicable to the testimony given by witnesses in the case as carefully recited in the bill and not denied by the judge. The bill shows that there was testimony to the effect that there had been a collision and angry words between Thompson and deceased at the corner of Camp and Gaiennie streets, from which Thompson retired and retreated up Camp street; that deceased, with four or five companions, pursued Thompson, surrounding and beating him and assaulting him with bricks and stones up to the moment of his turning and shooting the deceased.
This testimony may have been true or false, or may have been in utter conflict with other superior evidence; but it was the exclusive province of the jury to estimate and determine its weight, and, if believed by the jury, it furnished proper and serious ground for the contention by counsel that it was necessary for defendant to turn and slay his pursuer in order to protect his own life, and hé was entitled to the special charge asked. We had occasion to discuss this subject very carefully in Tucker’s case, where we held as follows:
“ When a bill of exceptions recites the facts which the counsel had contended before the jury had been established by the evidence, and refers to the evidence in support thereof, and asks for charges applicable to the state of facts recited, the judge’s refusal to give the charges on the ground that they are inapplicable to the case is error, unless the judge states there was no evidence in the case supporting or tending to support the contentions of counsel.” State vs. Tucker, 38 An. 536.
The second special charge refused by the judge was the following:
“ If you find, from all the evidence heard upon this trial, that the accused was attacked by the deceased and others who manifestly attempted, by violence, to take his life or do him great bodily harm, and under such circumstances that no retreat was practicable, then *972 I charge you, if you should so find, that under such conditions the party who is attacked is not only not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and if he kill him in so doing it is justifiable self-defence.”
The law as here laid down is not disputed by the judge and is supported by ample authority. 2 Starkie on Ev. 963; Poster’s Crown Law, p. 273; 1 EastP. O. 271; 9 Am. and Eng. Encyc. of Law,p. 600; Pond vs. People, 4 Oooley 177 (Mich.) ; Luby vs. Com., 12 Bush (Ky.) 1.
The judge gave the following reasons for refusing the charge:
“Per Curiam: I made three hypothetical cases in charging the jury, based upon the evidence and covering the law of murder, manslaughter and self-defence, as-applicable to the facts of the case. There was no attempt to take defendant’s life or to do him bodily harm. Retreat was eminently practicable, as defendant’s companion, Moore, retreated safely. There was absolutely no necessity for the taking of human life.”
Looking at the charges which the judge referred to as having been given, the only one having any applicability to the state of facts referred to in the charge asked is the following:
“If, however, you find from the facts of the case that the deceased and his companions were the aggressors; that they seriously assailed the prisoner at the bar, and pursued him to Camp street up to the point where the killing occurred; that they were armed with rocks or bricks or other dangerous missiles or weapons; that they surrounded the prisoner and began an attack so violent and fierce as to endanger his life or to inflict great physical injury on him, or to make the defendant honestly believe by reason of the Suddenness, violence and determination of the attack that his life was in danger, or that he was in danger of great bodily hurt; that the suddenness of the attack and the numbers of his assailants was such that he could not escape, and that it was necessary for him under the circumstances and to preserve his life or his person from great bodily harm to slay the deceased, then he is not guilty, and you should so find by your verdict.”
This is an excellent statement of the law as far as it goes, but a comparison of it with the charge asked shows that it entirely omits the vital point in the latter touching the right of the defendant, under the circumstances stated, “ to pursue his adversary ” in order to *973 secure himself from danger. The recitals of the bill, not contradicted by the judge, show evidence to the effect that at the moment of the shooting the deceased had turned and was trying to get away from the accused and was actually running away, and that, thereupon, the counsel for the State contended ohat these facts were fatal to the defence.
pt thus became important to accused to have the law correctly charged as to his rights to turn upon a retreating adversary and even to pursue him if necessary to secure his own safety.
We are bound to hold that the judge erred in refusing the charge asked. His statements that retreat was practicable, that there was no attempt to take the life of accused or to do him bodily harm, and no necessity for taking]life,]are obviously the judge’s inferences from the testimony, which belonged to the exclusive province of the jury, there being evidence tending to show the contrary and justifying defendant’s counsel in so contending.
It is therefore adjudged and decreed that the verdict and sentence appealed from be annulled and set aside, and that the case be remanded to the lower court for 'a new trial and further proceedings according to law.