## No. 12,436.

### THE STATE VS. M. KEAVENY.

An application for time to file a rule for new trial is properly refused when based on an affidavit of newly discovered testimony only contradictory, in its character, and on other testimony when no diligence is shown to have been used for obtaining the testimony on the trial.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

---

*M. J. Cunningham,* Attorney General, and *R. H. Marr,* District Attorney, for Plaintiff, Appellee.

---

*J. Q. Flynn* for Defendant, Appellant.

---

Submitted on briefs March 6, 1897.
Opinion handed down March 29, 1897.

---

The opinion of the court was delivered by

MILLER, J. This is an appeal from the sentence following the verdict of guilty against defendant on an indictment for inflicting a wound less than mayhem.

The appeal comes here with no bill of exceptions reserved during trial. The reliance of counsel for the accused is on his application for time to prepare affidavits and file a rule for new trial and the bill reserved to the denial of the application. The application and affidavit in its support assigned as grounds the discovery of material testimony since the trial. The testimony, it is claimed, would prove statements of the deceased at the time of the cutting, contradicting the testimony of the police officers who testified against the accused, and another witness, an eye-witness, it is claimed, would confirm the statement of the accused.

The law gives the accused ample opportunity to prepare for his defence and exhibit it by testimony before the jury. When after conviction, an application for new trial is made, on the ground of newly discovered testimony, the law exacts that due diligence must be shown why the testimony was not produced on the trial. It is further required the names of the witnesses and the materiality of their testimony should be exhibited. It is settled that the mere production of contradictory evidence affords no basis to give a new trial. Here, instead of a rule for new trial there is only an application for time to frame an application, manifestly, we think inadmissible and open to the objections to which the rule for new trial would be subject.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.