## No. 13,291.

STATE OF LOUISIANA vs. LOUIS LEJEUNE ET ALS.

SYLLABUS.

| | |
|---|---|
| 52 | 463 |
| 109 | 351 |
| 52 | 463 |
| 111 | 723 |

1.  The absence of a co-defendant who has not been summoned as a witness is no ground for continuance.
2.  Even if error is committed in refusing a continuance because of the absence of a witness, such error is not ground for reversal when the absent witness subsequently appears and testifies in the case.
3.  Evidence claimed to be newly discovered, is not ground for new trial when such evidence is merely cumulative.
4.  Where from its nature and the relation of the witnesses to the parties accused, and the length of time the indictment has been pending, the claim of *newly discovered* evidence appears highly improbable, the ruling denying the motion for new trial will not be disturbed.
5.  Nor will it be disturbed when the evidence itself is so weak that it, likely, would not have affected the result.

A PPEAL from the Eleventh Judicial District, Parish of St. Landry—*Dupre, J*.

*Milton J. Cunningham,* Attorney General, and *R. Lee Garland,* District Attorney, for Plaintiff, Appellee.

*C. F. Garland* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Louis Lejeune, Gerozime Lejeune, Silvin Moreau and Joseph Moreau were jointly indicted for the larceny of three hogs.

The three latter were tried together, with the result that the District Attorney abandoned the case against Joseph Moreau, and as to him, under instructions from the court, the jury returned a verdict of not guilty; as to the other two, a verdict of guilty was returned.

From the verdict and the sentence thereunder of one year's imprisonment at hard labor, both defendants appeal.

The questions for review are presented in two bills of exception.

The first relates to the ruling of the court refusing postponement of the trial of the cause because of the absence of a witness. The Judge states in the bill, as reasons for his ruling, (1) the accused had not summoned the absent witness; (2) the case having gone over until the next day, the witness in question appeared and testified in the case.

There is no error here.

The second bill relates to the ruling of the Judge denying the motion for new trial. The application for new trial was predicated on the ground of newly discovered evidence. Testimony in support of the motion was taken, reduced to writing and is found in the record. Only one of the witnesses mentioned in the application was produced, but two other persons not mentioned therein as witnesses were called to the stand by the accused and permitted to testify.

As we are called upon to judge this evidence in order to determine whether or not there was error in the ruling of the trial court in refusing the application for new trial predicated upon the same, we are constrained to say, as did the District Judge, it is found to be too weak and unsatisfactory to have, likely, changed the result of the jury's finding.

Besides this, the Judge, in his reasons for overruling the motion, says the evidence would at best be only cumulative, since the father of one of the accused testified on the trial to the very facts sought to be established by the newly discovered evidence. And he adds that he

NEW ORLEANS, JANUARY, 1900.　　　465

did not believe the evidence was "newly" discovered—the indictment having been returned at a previous term of the court months before. The evidence itself appears, intrinsically, considering the intimacy of the witnesses with the parties accused of the theft, to bear out this disbelief of the Judge.

Newly discovered evidence merely cumulative is not ground for a new trial. State vs. Bailey, 50th La. Ann. 536.

No error in the ruling is found.

Judgment affirmed.