(47 South. 685.)

No. 17,352.

STATE v. TURNER.

(Nov. 30, 1908.)

1. CRIMINAL LAW (§ 593*) — CONTINUANCE — ENGAGEMENT OF COUNSEL.

Accused was not entitled to a postponement of his trial because of other professional engagements of his counsel which existed at the time of his employment, and which he knew would preclude his attendance when the case was to be tried.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1320; Dec. Dig. § 593.*]

2. CRIMINAL LAW (§ 519*) — CONFESSIONS — VOLUNTARY CHARACTER.

Defendant, charged with horse stealing, had been informed that prosecutor had stated that, if defendant was taken out of jail on a straw bond, prosecutor would raise a mob to murder him. Defendant while in jail sent for prosecutor a second time, and talked with him in the presence of the sheriff. No threats or promises were made, but prosecutor in speaking to defendant assumed that he was guilty, and told him that, if he had caught him on the night of the theft, he would have shot him, and that, as he believed it was not his first offense, he had no sympathy for him. *Held* insufficient to indicate that defendant's confession of the theft made at the time was not voluntary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163, 1167; Dec. Dig. § 519.*]

3. CRIMINAL LAW (§ 941*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

A new trial for newly discovered evidence, in support of defendant's alibi, was properly denied, where the new evidence was merely cumulative, and tended in some degree to contradict defendant's testimony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2328–2330; Dec. Dig. § 941.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

R. W. Turner was convicted of horse stealing, and he appeals. Affirmed.

Otis William Bullock and Thomas Washington Robertson, for appellant. Walter Guion, Atty. Gen., and Frederick Fantleroy Preaus, Dist. Atty. (Price, Roberts, Warren & Price and Ruffin Golson Pleasant, of counsel), for the State.

PROVOSTY, J. The defendant was sentenced for three years at hard labor for horse stealing.

The theft is alleged to have been committed on the 6th of August. The information was filed on the 25th of August. The jury term of the court was to begin on the 5th of October. On the 2d of October an attorney who had been employed by defendant asked that the case be not fixed at the term about to begin, for the reason that he, the attorney, would not be able to attend, owing to other professional engagements, and that defendant had no other lawyer, having been unable to come to an agreement as to fees with any one of the local bar.

The professional engagements in question existed already at the time of the employment of the counsel by defendant.

On October 5th, the first day of the term, the court denied this application, and fixed the case for the 8th, and appointed counsel to represent defendant. On the 8th the case was tried, the defendant represented by the counsel appointed by the court.

The contention is now made that the defendant was entitled to a postponement of his trial in order that he might have the services of the counsel of his own selection. The contention is without merit. An accused cannot secure a postponement of his trial by employing counsel who at the time of the employment have engagements that will preclude attendance when the case is to be tried. In People v. Goldenson, 76 Cal. 328, 19 Pac. 161, it was held that being a member of the Legislature was ground for continuance only where the counsel had been employed before the commencement of the session on which the counsel was in attendance.

The next reliance of defendant is upon the admission of a confession which is said to have not been voluntary. Mr. Price, the person whose horse had been stolen, visited defendant in jail at defendant's request to have a talk with him. At this interview, defendant was so overcome by emotion as to be unable to talk, and Price withdrew, promising to come again whenever sent for. Defendant sent for him, and at this second interview spoke freely about his having stolen the horse. The conversation was carried on in mild conversational tone. No threats were made and no promises. Price, however, assumed in speaking to defendant that he was guilty, and, among other things, told him that, if he had caught him on the night of the theft, he would have shot him. He also said to him:

"If this had been your first offense I might sympathize with you, but the manner in which you got the horse, and manipulated things after getting it, leads me to believe that this is not your first offense, and I have no sympathy with you."

The conversation was carried on in the presence of the sheriff, and defendant had been told that Price had said that:

"If defendant should be taken out of prison on a straw bond, he [Price] would not be responsible for the consequences, and that he [Price] could raise a mob of a hundred men to murder him, and that there was no possible escape for him."

We fail entirely to discover in all this anything to deprive the confession of its character of being voluntary. There is not even a suggestion of constraint, or of inducement by the holding out of hope. What Price had said, if a threat at all, was not an unqualified threat, and still less a present threat.

Defendant's next reliance is upon the refusal of a new trial. The defense was an alibi, and the ground for new trial was the alleged discovery of additional witnesses to prove the alibi. The court assigned as reason for denying a new trial the following:

"The defendant must have known of the existence and presence of the witness Stanley, if, indeed, Stanley accompanied defendant to Shreveport on the night of August 6th, as set out in the motion. The fact is that defendant, as a witness himself, on the trial swore that he went to and returned from Shreveport alone, and saw no one that he knew. If Stanley was with him, he has not shown proper diligence in having him summoned at the trial. The statement in the affidavit of the witness Smith to the effect that he saw defendant and Stanley together in Shreveport also contradicts the testimony given by defendant on the trial that he was alone on this trip to Shreveport.

"The court does not believe that if a new trial were ordered and these witnesses should appear and testify as set out in the affidavits that any different verdict would be rendered. The defendant had a number of witnesses sworn who testified to seeing him on the 7th of August in Webster parish. The jury either did not believe these witnesses or concluded that they were mistaken as to the day on which they did see him. The application on the supposed evidence of the witness Hawkins need not be considered as it is not supported by his oath; besides, his evidence would only be cumulative to similar given on the trial of the case."

We think these reasons amply sufficient. Defendant is not entitled to a new trial on discovery of merely cumulative evidence (109 La. 346, 33 South. 363, State v. Callian), nor of evidence which would contradict his own (33 La. Ann. 783, State v. John Crowley et al.).

Judgment affirmed.