(53 South. 657.)

No. 18,470.

### STATE v. MITCHELL.

(Nov. 28, 1910.)

*(Syllabus by Editorial Staff.)*

1. FORGERY (§ 37*) — EVIDENCE — DECLARATIONS.

Evidence of what statements defendant made to a person, when applying to him for a check in payment of a debt of such person to defendant's brother, is immaterial, on a prosecution for forging the brother's indorsement on the check.

[Ed. Note.—For other cases, see Forgery, Dec. Dig. § 37.*]

2. CRIMINAL LAW (§ 413*)—EVIDENCE—SELF-SERVING DECLARATIONS.

What statements defendant made to a person, when applying to him for a check in payment of a debt of such person to defendant's brother, are objectionable, on a prosecution for forging the brother's indorsement on the check, as self-serving declarations.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 413.*]

**3. CRIMINAL LAW (§ 1091*)—APPEAL—BILL OF EXCEPTIONS—EVIDENCE.**

Acts 1896, No. 113, providing that, on a criminal trial, on objection being made and a bill of exceptions reserved, the court shall at the time order the clerk to take down "the facts on which the bill" has been retained, which statement, in case of appeal, shall be attached to the bill of exceptions, does not entitle defendant to have taken down the entire testimony of a witness, whose testimony on cross-examination by defendant has been ruled out.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1091.*]

**4. CRIMINAL LAW (§ 938*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.**

The testimony of a brother and sister of defendant that defendant and another brother were together on the morning before the alleged crime, a few days before the trial, and that they were with them, cannot be newly discovered evidence, as regards right to a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2317; Dec. Dig. § 938.*]

Appeal from Twelfth Judicial District Court, Parish of De Soto; Don E. Sorelle, Judge.

Luther Mitchell was convicted of forgery, and appeals. Affirmed.

Lee & Pegues, for appellant. Walter Guion, Atty. Gen., and James G. Palmer, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The defendant was tried and convicted on the charge of forging and uttering as true the indorsement of Mose Mitchell on a certain check. The facts, as sought to be proved against defendant, were that he represented himself as having authority to collect an amount due his brother, and received a check for same made to the order of his brother, and forged the indorsement of his brother on the check.

While the person to whom defendant had applied for the check, and who had delivered it to defendant, was on the stand as a witness for the state, defendant sought to elicit from him on cross-examination what statements he (defendant) had made to him while applying for the check. The evidence was irrelevant, and was furthermore inadmissible as being nothing more than a mere self-serving declaration, and was objected to and ruled out. Defendant did not except to the ruling, but requested the court to have the clerk take down the entire testimony of the witness, in order that the same might be "made part of his bill of exceptions," meaning, doubtless, by this, some bill which he would thereafter take. The court ruled that, while defendant had the right, under Act 113 of 1896, to have the clerk take down "the facts upon which the bill" was proposed to be retained, or, in other words, the particular part of the testimony with reference to which the bill was proposed to be retained, he had no right to have the entire testimony of the witness taken down. To that ruling the defendant reserved a bill.

The ruling was correct.

Defendant moved for a new trial on the ground of newly discovered evidence. The crucial question on the trial was as to whether the brother of defendant had or had not authorized him to receive the check and collect it. The brother testified one way, and defendant another. The brother sought to bolster up his testimony by adding that he had not seen the defendant for 12 months before the trial, which was being had only a few days after the alleged forgery. The object of the newly discovered evidence was to show by several witnesses that on the night before the date of the alleged forgery the two brothers had slept together at their sister's house, and that they were together on the morning of the day of the alleged forgery. Two of the witnesses whose testimony is thus said to have been newly discovered were a brother and a sister of the defendant, who were with him and the prosecuting witness, his brother, at their sister's house on the night in question. The testimony of these two witnesses can hardly be said by defendant to have been newly

discovered. Defendant must be held to have known of this testimony when he went to trial. Moreover, the trial judge says, in his per curiam, that the alleged newly discovered testimony would have been merely cumulative, since the defendant and another witness testified to the same facts.

Judgment affirmed.