(III So. 775)

No. 28409.

## STATE v. ROACH.

(Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ☞667(2)—In prosecution for possessing liquor, state's entire testimony need not be taken in writing, where questions objected to and answers thereto were taken down (Act No. 113 of 1896).**

In prosecution for possessing liquor, refusal to order entire testimony offered by state to be taken down in writing *held* not error, where questions objected to and answers thereto were taken down by clerk, in view of Act No. 113 of 1896.

**2. Criminal law ☞459—One tasting contents of bottle may say whether it contains alcoholic liquor.**

In prosecution for possessing liquor, witness who tasted liquor contained in bottle *held* properly allowed to say whether it was alcoholic liquor.

**3. Criminal law ☞404(4)—In prosecution for possessing liquor, jugs containing corn whisky held admissible.**

In prosecution for possessing liquor, admission in evidence of jugs and contents *held* proper, where evidence showed that they were practically full of corn whisky.

**4. Criminal law ☞1169(6)—In liquor case testimony of complaints concerning defendant's handling liquor, though irrelevant, held not prejudicial, where trial judge did not consider it.**

In prosecution for possessing liquor, testimony that complaints had been made to witness concerning handling of liquor by defendant, though irrelevant, *held* not prejudicial, where trial judge did not consider it in arriving at judgment, and there was ample evidence to convict before it was admitted.

**5. Criminal law ☞1168(2)—In prosecution for possessing liquor, refusal to permit defendant's testimony, which had been reduced to writing, to be filed in evidence, held not error.**

In prosecution for possessing liquor, refusal at conclusion of trial to permit defendant's testimony, which had been reduced to writing, though not under authority of court, to be filed in evidence, *held* not error, testimony having been heard by judge.

**6. Criminal law ☞1121(2)—Since Supreme Court's criminal jurisdiction extends to questions of law only, filing defendant's evidence was not necessary.**

Filing of defendant's evidence in prosecution for possessing liquor was not necessary for purpose of appeal, since jurisdiction of Supreme Court in criminal matters extends to questions of law only.

Appeal from Ninth Judicial District Court, Parish of Rapides; R. C. Culpepper, Judge.

W. B. Roach was convicted of possessing intoxicating liquors for sale for beverage purposes, and he appeals. Affirmed.

T. A. Carter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, of New Orleans, of counsel), for the State.

ROGERS, J. Appellant was convicted for the possession of intoxicating liquors for sale for beverage purposes in violation of law.

During the course of the trial, he reserved five bills of exception, which are before us for review.

[1] Bill No. 1 was taken to the refusal of the trial court to order the entire testimony offered on behalf of the state to be taken in writing. The court ruled that when any question asked by the district attorney was objected to by defendant, it would "permit such question and the answer thereto to be taken down by the clerk at the time the question was asked." The ruling was correct. Act 113 of 1896; State v. Mitchell, 127 La. 380, 53 So. 657; State v. Craft, 118 La. 117, 42 So. 718.

[2] Bill No. 2. Defendant objected to the following question propounded to one of the witnesses for the prosecution, viz., "I will ask you if that liquor in the small bottle that is a sample from the 60-gallon barrel is an alcoholic liquor?" The ground of the objection was that the witness had previously testified that the barrel contained wine, when, in fact, it contained vinegar, and that the witness had not tasted the liquor, but was permitted to testify by merely looking at it through a small bottle. The record, however, refutes the statement in the bill that the barrel contained vinegar, and it also shows that the witness in question actually tasted the liquor contained in the bottle. We see no error in the action of the trial judge in overruling defendant's objection.

[3] Bill No. 3. Defendant objected to the introduction in evidence of three jugs and their contents on the ground that no testimony whatever had been offered to show what they contained. The objection was overruled, because the evidence was direct and conclusive that all three of the jugs were practically full of corn whisky. There is no merit in the bill.

[4] Bill No. 4. The bill was reserved to the action of the court in overruling an objection made to the testimony of one U. T. Downs to the effect that complaints had been made to him concerning the handling of liquor by the defendant. The testimony was irrelevant, but the record shows that the defendant was not prejudiced by its admission. The trial judge states that he did not consider it in arriving at his judgment, and that there had been ample evidence adduced to warrant defendant's conviction before the objectionable testimony was admitted.

[5, 6] Bill No. 5 was taken to the refusal of the trial judge to permit, at the conclusion of the trial, the testimony offered on behalf of the defendant, which had been reduced to writing, although not under the authority of the court, to be filed in evidence. The bill is not referred to in the brief filed in this court on behalf of the defendant. We do not find any merit in it. The testimony itself was heard by the trial judge, as he states, and there was no necessity so far as he was concerned to have the stenographer's notes transcribed; nor was it important that such transcription be made for use on appeal, since the jurisdiction of this court in criminal matters extends to questions of law alone.

For the reasons assigned, the conviction and sentence appealed from are affirmed.