(117 So. 233)

No. 29203.

STATE v. McDOUGAL

May 7, 1928.

Pegues & Pegues, of Mansfield, and D. D. Newman, of Leesville, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and J. B. Hill, Dist. Atty., of Many, for the State.

O'NIELL, C. J. The appellant was indicted for the crime of murder and convicted of manslaughter. The record contains six bills of exception; the first of which, however, being not well founded, has been formally abandoned by appellant's counsel.

The second bill of exceptions refers to a ruling of the judge refusing a request made by the defendant's attorneys during the trial to allow the jury to be taken to a garage, about a block from the courthouse, to see the defendant's automobile and be convinced that there was no handle on the back of the car. The defendant had been riding in the car immediately before the fatal difficulty, which occurred near the car. A witness for the state testified that there was a handle on the back of the car—which was a Dodge coupé—and that the defendant reached with his left hand as if to take hold of the handle at the time when he fired the fatal shot. The purpose of the request for the jury to be allowed to go and examine the car was to contradict the state's witness by showing that there was no handle on the back of the car for the defendant to reach for. There is nothing in

the record to show the importance of the question—whether the defendant was reaching as if to take hold of a handle on the back of the car when he fired the fatal shot—except, of course, to impeach the testimony of the state's witness on the subject. The judge, in overruling the request that the jury should go and examine the car, suggested that the defendant's attorneys might have as many witnesses as they desired to go and examine the car and come into court and testify as to whether there was a handle on the back of the car. There is always some risk that the jury may become separated or be tampered with when they are allowed to depart from the courthouse for the purpose of making an inspection during the progress of the trial. For that reason, the question whether the jurors should be allowed to leave the courtroom and make an inspection for themselves, or whether witnesses should make the inspection and furnish the information by testifying in open court, is a matter largely within the discretion of the judge, to be determined according to the importance of the evidence to be obtained and the circumstances of the case on trial. 16 C. J. p. 826, § 2090. It does not appear that the judge abused his authority or ruled arbitrarily in this instance. The bill of exceptions is therefore not well founded.

 The third bill of exceptions refers to a ruling of the judge refusing a request made by the defendant's attorneys, after the evidence for the state had been introduced, and while the defendant was offering his evidence, to allow the jury to go to the scene of the homicide, and observe from the surrounding objects the distance which a state's witness named Tom Hill was from the place where the defendant and the deceased fired their guns at each other. It is stated in the bill of exceptions that the reason for the request was that the prosecuting attorneys had laid the foundation for impeaching the testimony of Tom Hill with rebuttal testimony when the defendant would have no further right to be heard. It is stated in the per curiam, however, that no evidence was offered in rebuttal by the state to impeach the testimony of Tom Hill as to how far he was from the defendant and the deceased at the time of the shooting. The judge says also that it was raining at the time when the request was made for the jury to go to the place where the homicide had occurred, and that the distance was several miles from the courthouse. As there was no necessity or good reason for subjecting the jury and the court officials to such inconvenience, the judge was right in refusing the request. The bill of exceptions is therefore not well founded.

 The fourth bill of exceptions refers to a remark made by the district attorney in his argument to the jury. It is stated in the bill that the district attorney said in his argument that the deceased had said, during the difficulty, that all that he wanted was his automobile tire (which the quarrel was about), and that he was not going to kill the defendant. The objection to the district attorney's statement was that there was no evidence to support the statement that the deceased had said that he was not going to kill the defendant. It is said in the per curiam that the district attorney did not say, in his argument, that the deceased had said during the difficulty that he was not going to kill the defendant. That part of the district attorney's statement was merely a matter of argument that, inasmuch as the deceased had said that all that he wanted was his automobile tire, therefore he was not going to kill the defendant. Although the district attorney and the attorneys for the defense must confine their arguments to the facts shown by the evidence in the case, the district attorney has as much right as the attorneys for the defense have to draw any plausible deduction or conclusion from the evidence. The district attorney, therefore, had the right to argue, from the

fact that the deceased had said during the difficulty that all that he wanted was his automobile tire, that he was not going to kill the defendant. The bill of exceptions is not well founded.

The fifth bill of exceptions refers to a statement made by an assistant prosecuting attorney in his argument to the jury. It appears that the difficulty in which the killing occurred was caused by the defendant's being accused of taking an automobile tire belonging to the deceased. It is said in the bill of exceptions that the assistant prosecuting attorney argued to the jury that the taking of the automobile tire was a felony; whereas, the value of the tire being less than $5, the stealing of it would have been only a misdemeanor. It is said in the per curiam that the assistant prosecuting attorney did not argue to the jury that the defendant was committing a felony in taking the automobile tire; but that the attorneys for the defendant argued to the jury that the defendant's taking of the automobile tire was not larceny; and that the assistant district attorney, in his closing argument, merely defined larceny, and argued that the taking of the tire did constitute larceny. The bill of exceptions taken to the argument is therefore not sustained by the statement per curiam.

The sixth bill of exceptions refers to another objection to a statement made by the assistant prosecuting attorney in his argument to the jury. It is said in the bill of exceptions that the judge sustained the defendant's counsel's objection to the statement made by the assistant prosecuting attorney, but did not instruct the jury—as requested by defendant's counsel—to disregard the statement of the assistant prosecuting attorney. It is said in the statement per curiam, attached to the bill of exceptions, that no request was made that the jury should be instructed to disregard the statement made by the assistant prosecuting attorney, and that

no such request was necessary or appropriate, because the statement made in the argument by the assistant prosecuting attorney was not what the defendant's attorneys understood it to be, and was not objectionable. In their arguments before this court, and in their brief, the attorneys for appellant contend that the note or memorandum made by the minute clerk at the time when the objection to the assistant prosecuting attorney's argument was made contradicts the statement per curiam attached to the bill of exceptions; but we do not find it so. The memorandum made by the minute clerk does not necessarily show what the assistant district attorney said in his argument, but shows what the attorney for the defendant thought the assistant prosecuting attorney had said. What the minute clerk took down—as best he could—was the objection made by the attorney for the defendant, which, according to the statement per curiam attached to the bill of exceptions was founded upon a misunderstanding of what the assistant prosecuting attorney had said in his argument. The bill of exceptions is therefore not well founded.

The verdict and sentence are affirmed.