175 La. 103

## STATE v. SEAL.
### No. 31792.

Supreme Court of Louisiana.

May 23, 1932.

Rehearing Denied June 20, 1932.

Carter & Carter, of Franklinton, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., C. S. Frederick, Dist. Atty., of Covington, and Robt. D. Jones, of Bogalusa (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and C. S. Frederick, Dist. Atty., of Covington (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

OVERTON, J.

The grand jury returned an indictment against defendant for murder. At the beginning of the trial the state abandoned the charge of murder and announced that it would prosecute for the included charge of manslaughter. On the trial, defendant was convicted of manslaughter, and thereafter he was duly sentenced to the penitentiary and fined.

The first bill of exception relates to the drawing of detalibus jurors from the detalibus jury box, when there were only 80, instead of 100 names in it, the remaining 20 having been withdrawn on a prior trial at the same term of court. The bill has been abandoned for want of merit. It was correctly abandoned as it is without substance. State v. Doty, 158 La. 852, 104 So. 736; State v. Desselles, 150 La. 510, 90 So. 773, 779.

The second bill of exceptions was taken to the refusal of the trial judge to take the jury, at the time the state rested its case, to the scene of the homicide. The record fails to disclose anything that would have placed the jury in a better position to reach a correct verdict, by viewing the scene. The place was an embankment erected as part of a public road. It could be and was adequately described by witnesses. The scene was some distance from the courthouse. The trial judge is vested with large discretion as to whether the jury should be

taken to the scene of the crime. There was no abuse of discretion here. State v. McDougal, 166 La. 303, 117 So. 233.

The third and fourth bills of exception present the refusal of the trial judge to give to the jury certain special charges. The first special charge refused reads as follows:

"The burden is not on defendant to prove his plea of self defense, but on the state to prove that the homicide was not in self defense, as a homicide committed in self defense is justifiable and not felonious, and the state must prove its feloniousness beyond a reasonable doubt."

The second special charge refused reads as follows:

"Evidence of self defense, when offered, is for the purpose of rebutting the evidence produced by the state to show that the homicide was felonious, and when considered in connection therewith, if it leaves a reasonable doubt as to whether the homicide was felonious, such doubt entitles defendant to an acquittal."

Both special charges state the law correctly. The trial judge refused to give them. His reason for refusing was because they were included in the general charge given the jury by him. The judge, in his general charge, almost immediately prior to that phase of it, covering self-defense, instructed the jury as follows:

"It is incumbent on the state in a case of manslaughter, however, to prove that the killing was unlawful and was not justified. It is not incumbent on the defense to prove that the killing was justified, but the burden rests on the state to prove that the killing was not justified."

■■ The legal principle, set forth in the special charges, namely, the burden of proof, where the plea is self-defense, is sufficiently set forth in the quoted excerpt from the general charge to inform the jury on that point. It was therefore unnecessary for the judge to give these special charges. State v. Jackson, 142 La. 540, 77 So. 196, L. R. A. 1918B, 1178.

The fifth bill of exception presents the correctness vel non of the trial judge in refusing the following special charge, to wit:

"If you find from all the evidence heard upon this trial that the accused was attacked by the deceased and others, who manifestly attempted by violence to take his life or do him great bodily harm, and under such circumstances that no retreat was practicable, then I charge you, if you should so find, that under such conditions the party who is attacked is not only not obliged to retreat, but may pursue his adversary until he has secured himself from all danger; and if he kill him in so doing it is justifiable self defense."

The judge refused to give this special charge because it was covered by his general charge and by a special charge delivered at defendant's request. The judge, in his general charge, instructed the jury as to the necessity of retreat in cases where the difficulty was provoked by the accused, but went no further in that charge. He there instructed the jury as follows, to wit:

"One who himself provokes a difficulty, loses the right of self defense unless and until he retreats from his adversary and indicates a desire for peace. In other words the law does not permit a person to provoke a difficulty and create a condition whereby he may be in danger of death or great bodily harm and then claim the law of self defense, even though he might have believed and had reasonable grounds to believe that when the fatal shot was fired he was in such danger, unless he had in good faith retreated and indicated a desire for peace, in which case the right of self defense revives. Therefore, if you believe from the evidence in this case that the accused slew the deceased, and that the accused provoked and brought about the difficulty or situation out of which the killing arose, and that he went into the difficulty armed, he could not claim the right of self defense, unless you further believe from the evidence that he in good faith retreated as far as it was safe for him to do and indicated a desire for peace."

The judge then gave the following special charge, at the request of defendant, to wit:

"I charge you that, when two parties have had a difficulty, if one of them quits the combat, and retreats in good faith, and is pursued by the other, who continues to follow him with violence and hostility, and should it become absolutely necessary for the one retreating to turn and fell his pursuer in order to save his own life, he is justifiable, whether he was the aggressor in the beginning of the difficulty or not."

■ The foregoing is all that the court charged the jury concerning the necessity for retreat. It is therefore apparent that the jury was not instructed as to the right of the accused to stand his ground, where he was not the aggressor, and where retreat was not practicable. In fact, the closing words of the special charge given, without further instructions, were sufficient to lead the jury to believe that retreat was necessary, without reference to the practicability of retreat, although defendant did not appear to be the aggressor. It was the manifest purpose of the special charge refused to supply this omission and correct such impression. It was defendant's contention that he was not the aggressor in the difficulty. He was entitled to the charge. State v. Chandler, 5 La. Ann. 490, 52 Am. Dec. 599; State v. Thompson, 45 La. Ann. 969, 13 So. 392; State v. West, 45 La. Ann. 14, 12 So. 7; State

v. Poree, 136 La. 939, 68 So. 83; Marr's Crim. Ju. p. 127, § 67. The refusal to give the special charge was fatal.

■■ The remaining bills, barring the bill to the refusal to grant a new trial which presents nothing for review, were taken to remarks made by the prosecution during the arguments to the jury. The judge virtually sustained the objections made to the remarks in three instances by instructing the jury to disregard them. These instructions sufficed, even if they were called for, to protect the accused fully. In the remaining instance, the remark obiected to, which was that the district attorney was tired of trying the accused, is too trifling to afford ground for complaint. Jurors must be considered as endowed with sufficient common sense and judgment to prevent them from being misled by every uncalled for remark of the prosecution, made in the heat of argument.

For failure to give the special charge indicated, the verdict and the sentence are set aside, and this case is remanded to the lower court to be proceeded with according to law.

O'NIELL, C. J., is of the opinion that the conviction and sentence should be affirmed.

BRUNOT, J., dissents from ruling on bill No. 5.