was fully normal in intellect of a negro child of her age, and therefore the Court permitted her testimony as competent.

"This examination was made by the court before the witness was sworn and no note of evidence was made thereof.

"The court further states that in its opinion, the evidence produced on trial of this case fully justified the verdict as returned by the Jury."

The testimony of this witness, while under cross-examination, is in the record and, after reading it, we agree with the trial judge that the witness possessed that degree of understanding and intelligence to qualify as a competent witness. Understanding, and not age, is the test of whether any person of tender age shall be sworn as a witness. Code Cr. Proc. art. 469.

In the case of State v. Warlick, 179 La. 997, 155 So. 460, 462, the court said:

"In cases where a child under twelve years of age is called as a witness and where the trial judge examines the witness and from such examination is convinced that the witness is competent, his ruling to that effect will not be disturbed unless the testimony brought up shows that he manifestly erred in his ruling. Great weight must be attached to the ruling of the trial judge in such cases for the reason that he has the advantage of observing the witness and the manner in which her testimony is given, which advantage is not enjoyed by the appellate court."

In any event, there is nothing in the record which would justify us in taking issue with the judge of the district court, particularly since this is a matter which is left largely to the discretion of the judge a quo. We cannot say that he manifestly erred in his ruling or abused the discretion the law vested in him in allowing this witness to testify, and, consequently, the verdict of the jury and the sentence are affirmed.

160 So. 124

**STATE v. RANEY.**

No. 33256.

March 4, 1935.

Percy T. Ogden, of Crowley, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., James A. Gremillion, Dist. Atty., of Crowley, Edward Meaux, Asst. Dist. Atty., of Lafayette, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

HIGGINS, Justice.

The accused was indicted for the crime of murder and the jury returned a verdict of guilty without capital punishment. He filed a motion for a new trial on the ground of newly discovered evidence. The district judge refused to grant a new trial and de-fendant reserved a bill of exception. He was sentenced to the state penitentiary at hard labor for the remainder of his natural life and he appealed.

The newly discovered evidence is alleged to consist of the testimony which three proposed witnesses would give, in the event a new trial were granted. Annexed to the motion for a new trial are the ex parte affidavits of these persons.

Arthur Miller, in the affidavit that he signed, says that John Belleau, who was the state's principal witness to the killing, stated a short while after the fatal occurrence, that he saw the defendant with a pistol and the deceased with a razor in his hand at the time of the difficulty. This is in contradiction to Belleau's testimony on the trial and the statement that he gave the sheriff the day following the killing, nothing having been said with reference to the deceased attempting to use a razor, or even possessing one.

The district judge in his per curiam states that the proposed testimony, being nothing more than evidence tending to contradict or impeach the testimony given by Belleau on the trial of the case, is not sufficient to form the basis for granting a new trial. He further pointed out that no razor was found on or near the body of the deceased after the shooting, and that no attempt was made to contradict or impeach the witness Belleau at the time he testified, although the defendant had adequate opportunity to attempt to do so, if he desired.

The ruling of our learned brother below is correct. Criminal Code, art. 511; State v. Burt, 41 La. Ann. 787, 6 So. 631, 6 L. R. A. 79; State v. Garig et al., 43 La. Ann.

365, 8 So. 934; 16 C. J., p. 1202, § 2729, par. 8.

·The second affidavit is signed by an eleven year old colored boy, Albert Ledet, who states that he was present when the killing occurred;· that he and several other parties were driving mules and cattle to a dipping vat; that the deceased was on foot and the defendant on horseback, and they appeared to be quarreling; that the deceased advanced on the defendant, who dismounted his horse and retreated, warning the deceased not to advance on him. but the deceased continued, and made a motion as if to put his right hand in his pocket, when the defendant drew his pistol and shot him; and that John Belleau, the main witness for the state, was not in a position where he could see what occurred, as he was in front of the accused and deceased and the defendant's horse intercepted his view.

The third affidavit is by Sanders Esprit, who states that he was one of the several parties who were driving cattle to the dipping vat at the time of the shooting, and that Albert Ledet, the boy who signed the second affidavit, was also present, driving a pair of mules. The remainder of his statement is substantially the same as that of the Ledet boy.

The district judge in his per curiam says that these proposed witnesses, as well as the defendant, lived on a farm belonging to their employer, who was active in assisting the accused in his defense; that the accused was not tried until more than six months after the affray and enjoyed his liberty under bail during that time; that the

accused at all times knew all of the parties who were present when the fatal difficulty occurred; that when the sheriff and his deputies investigated the case, these two proposed witnesses were never mentioned and gave no statement, although the sheriff took the statement of all witnesses who were said to have been present at the time of the killing; and that no attempt was made by the defendant to summon these witnesses and no continuance was sought or instanta subpœna requested, for the purpose of securing the presence of these witnesses during the trial.

Our learned brother below concluded that there was no doubt that the defendant and his employer who assisted him in preparing his defense were at all times apprised as to the names and addresses of all persons present at the killing and, therefore, defendant was not entitled to a new trial on the ground of newly discovered evidence, because it clearly appeared that by the exercise of diligence, these parties could have been produced.

With reference to the witness Sanders Esprit, the defendant seeks to excuse himself from failing to summon him, on the ground that he had been summoned by the state. The trial judge in his per curiam states that when this witness' name was called, he was reported sick and the state elected to proceed without the benefit of his evidence, although he had testified before the grand jury. The defendant at that time did not request a continuance, or any time during the trial make any effort to secure the benefit of this witness' testimony. The

trial judge ruled that, under the circumstances, defendant had failed to exercise diligence.

■ The law is clear with reference to a motion for a new trial that the proposed evidence must not only be newly discovered, but it must also be shown that it could not have been discovered by the use of reasonable diligence, before the verdict. State v. Nash, 169 La. 947, 126 So. 434; State v. Turner, 122 La. 371, 47 So. 685; State v. Mitchell, 127 La. 380, 53 So. 657; State v. Lejeune et al., 52 La. Ann. 463, 26 So. 992; State v. Miller, 36 La. Ann. 158; State v. Keaveny, 49 La. Ann. 667, 21 So. 730; La. Criminal Code, arts. 509–511.

■ It is also well settled that the trial judge is vested with discretion in the matter of granting or refusing a new trial applied for on the ground of newly discovered evidence. State v. Bradley, 166 La. 1010, 118 So. 116.

Finally, it is argued that the evidence in the case shows that the defendant acted in self-defense, but that if defendant was guilty of any offense, it was manslaughter and not murder, because deceased was killed in a fight or in hot blood.

From the per curiam of our learned brother below, it appears that deceased, a large man, had remonstrated with defendant, a medium sized man, about falsely accusing certain innocent parties of stealing the mules of the accused; that defendant resented the deceased's interference; that the defendant shot and killed the unarmed deceased without just cause or provocation; that the plea of self-defense was without merit; and that the verdict was in accordance with and responsive to the evidence.

■ Therefore, this is a question of fact relating directly to the guilt or innocence of the accused, of which this court has no jurisdiction.

■ It is our opinion that the trial court properly declined to grant the defendant a new trial.

For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.