**15 So.2d 858**

**STATE v. WEST.**

**No. 37147.**

Nov. 8, 1943.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Edwin M. Fraser, Dsit. Atty., of Many, for the State, plaintiff appellee.

W. C. Boone, of Leesville, for defendant, appellant.

HAMITER, Justice.

Defendant, Wingate West, was tried and convicted by a jury for the theft of three hogs valued at $60 and owned by Jim McRae. From the conviction and the sentence that followed he appealed.

Neither a brief nor an oral argument in behalf of the appeal has been presented in this court; however, we find in the record two bills of exceptions on which defendant obviously relies for a reversal.

It appears from these bills and from the district judge's per curiams that on or about December 23, 1942, defendant, along with several assistants, killed and dressed three hogs in a wooded section of Vernon Parish located several miles from the parish court house, and that the removed hair was buried at the scene of such operation. McRae's animals were lost at about that time.

Certain witnesses for the state, during the course of the trial, testified that the hogs of McRae were of a blue and spotted color; defendant and his witnesses, on the other hand, insisted that those killed were colored differently. After this conflict in the evidence developed, defense counsel requested the court to permit the jury's attending "the scene where the said hogs had been killed and their hair preserved, all for the purpose of definitely determining the color of the hogs killed  *  *  *  ". The court refused to grant the request; whereupon defendant reserved his first bill of exceptions.

██ The matter of whether the jurors should be permitted to make observations away from the court room is one which addresses itself largely to the discretion of the court. State v. McDougal, 166 La. 303, 117 So. 233; State v. Seal, 175 La. 103, 143 So. 18. We do not find that there has been an abuse of that discretion here. The hair existing at the scene of the slaughtering could have been either adequately described by witnesses or brought into court for the jury's inspection.

██ The second bill of exceptions, we think, is also without merit. Under it defendant complains of the court's overruling of his motion for a new trial. An additional hearing was desired, so the motion shows, in order that new evidence relating to the color of the slaughtered hogs might be presented to the jury. Such evidence, if received, would tend merely to contradict or impeach the testimony of the state's witnesses; and, in a situation of that kind, a new trial will not be granted. Code of Criminal Procedure Article 511; State v. Raney, 181 La. 638, 160 So. 124 (and authorities therein cited).

The verdict of the jury and the sentence of the court are affirmed.