## LOUIS DRECHSEL v. THE STATE.

*No. 964. Decided March 18th, 1896.*

**1. Local Option—Order for Election is Conclusive.**

Under the local option law, as it now stands, the Commissioners' Court may order the election without any petition for that purpose; and when the order of the court authorizing such election has been entered and the election held thereunder, the order is conclusive and the courts will not go behind it.

**2. Same—Order Declaring the Result of the Election.**

After a local option election has been held, it is sufficient that the result is declared by the Commissioners' Court, and an order entered prohibiting the sale of intoxicating liquors within the prescribed limits. It is not required that the court should order the result of the election to be published in some newspaper, or by posting notices. It is not required that the order shall state when prohibition shall take effect in the precinct nor is it essential that the order requires the County Judge to publish or have the result of the election published.

**3. Same—Publication of the Result.**

, While the law requires, that the result of the election be published four successive weeks, in a newspaper or by posting notices, it is not necessary that these matters enter into and form part of the judgment of the court declaring the result. The law makes it incumbent upon the County Judge to attend to these matters.

**4. Same—Certified Copy of Order Declaring the Result.**

Where it appeared that the proper entry of the order declaring the result had been made, by the County Judge, on the minutes of the court, this entry is, in no man-

ner, affected by a failure of the clerk to certify the copy thereof under his hand and seal of office; nor is it any objection to the entry made by the County Judge, that it was made about four weeks from the date of the last publication of the result of the election; and where the certified copy made by the clerk is defective for want of proper authentication, the entry of the judge upon the minutes may be proved aliunde.

**5. Evidence Sufficient—"Root Pop."**

Where the testimony was clear that the "Root Pop," sold by defendant, was intoxicating, it was sufficient to support a conviction for a violation of local option.

APPEAL from the County Court of Parker. Tried below before Hon. J. L. L. McCALL, County Judge.

This appeal is from a conviction for violation of local option, the punishment being assessed at a fine of $25 and twenty days' imprisonment in the county jail.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for selling intoxicating liquors in Precinct No. 1 of Parker County, while local option was in effect in said precinct. Several objections were urged to the information because of supposed defects therein. The information, as we understand it, is good, both as to form and substance, and follows the precedents in this State. Appellant reserved a bill of exception to the introduction in evidence of the order of the Commissioners' Court ordering an election for prohibition in said Precinct No. 1. Several objections are urged. We deem it unnecessary to notice these various exceptions, because, under the law as it now stands, the Commissioners' Court may order an election, even without a petition presented for that purpose; and when the order has been entered authorizing such an election, and the election has been held thereunder, the order is conclusive, and the courts will not go behind it. Appellant also objected to the action of the court in permitting the introduction in evidence of the order of the Commissioners' Court declaring the result of the prohibition election: (1) Because it does not appear therefrom that the Commissioners' Court ordered the publication of the result of said election in some newspaper or by posting notices; and (2) because it does not state when prohibition shall take effect in said precinct; and (3) because it did not order the County Judge to publish or have published the result of said election. By an examination of Arts. 3233 and 3234, Rev. Stat., it will be discovered that none of these supposed defects are necessary parts of the order of the Commissioners' Court declaring the result of a local option election. It is sufficient that the result is declared, and an order entered prohibiting the sale of intoxicating liquors within the prescribed limits. Under Article 3234, while it is necessary that the result of this election be published for four successive weeks in some newspaper published in the county wherein such election has been held, and, in the absence of such newspaper, that the result shall be published by

posting copies of such order at three places within the prescribed limits for four successive weeks, it is not necessary that these matters enter into or form a part of the judgment of the court declaring the result of such election. The law makes it incumbent upon the County Judge to attend to these matters. It is his duty under the directions of the statute, and not by an order of the Commissioners' Court. Objections were urged by the appellant also to the introduction of what purports to be a certified copy of the order declaring the result of the election in said precinct, as published in the newspaper selected by the County Judge, and his indorsement upon the minutes of the court of the proper publication of said order. In addition to the objections urged in the former bill of exceptions, and noticed above, it is further objected that the County Judge made no entry of the publication of the result of the said election upon the minutes of the Commissioners' Court until the 10th day of August, 1894, and that the copy of said order, included in the entry of the County Judge on the minutes of said court, is not certified to by the County Clerk, under his seal of office. There is no pretention but that the judge did make a proper entry on the minutes of said court. With reference to the publication of the order, and in so far as the entry itself was concerned, it was in compliance with the law. Whether the certified copy of the order published was certified by the clerk or not, does not affect the entry of the judge to the effect that it was properly published. That the entry was not made until the 10th day of August, is not material. It seems from the copy of the entry introduced in evidence that the last day of publication was Friday, July 13, 1894, making about four weeks from the date of the last publication to the date of the entry, on August 10th. Article 3234 provides that "the fact of publication in either mode shall be entered by the County Judge on the minutes of the Commissioner's Court, and the entry thus made, or a copy thereof, certified under the hand and seal of the clerk of the County Court, shall be held prima facie evidence of such fact of publication." As was stated in Ezzell's case, 29 Tex. Crim. App., 521, "the proof of such entry would be sufficient, prima facie, to show that this phase of the law was complied with; but a failure or refusal of the judge to make such entry would not render such election void. The State could prove it by other and legitimate proof. In the absence of such order, it would devolve upon the State to prove the fact of the necessary publication, by other and the best evidence attainable." It will be seen that the objections urged were based upon the supposed defect of the certified copy of the order of the Commissioners' Court, declaring the result, because of a want of a seal, and not upon the fact that there was no proper entry of the County Judge made, declaring that he had the proper publication made, as required of him by the law; nor was there any objection to this copy of the judges's entry on the minutes of the Commissioners' Court, otherwise than as stated. As presented by the bill of exceptions, there is no valid objection to the introduction of the entry of the judge with reference to the publication. With reference to

the sufficiency of the evidence to support the conviction, there is a conflict in the evidence as to whether the drunkenness was caused by "root pop," or whiskey, or a combination of both; for it seems that the party to whom appellant is alleged to have sold the intoxicating liquor did become intoxicated on the occasion in question. The purchaser testifies that he bought of appellant two bottles of root pop and that it intoxicated him. Some of the evidence goes to show that, perhaps, witness became intoxicated from whiskey, given him by a friend. His testimony is very clear that he became intoxicated from the root pop, whatever that may be. · If it was intoxicating liquor, and was sold within the bounds of precinct No. 1, where local option was in effect, it was a violation of the law on the part of the appellant in selling it. The jury found that root pop was intoxicating. There is no question but what the appellant made the sale. The evidence is sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed April 1st, 1896, was overruled without a written opinion.—Reporter.]