### HODE CARNES v. THE STATE.

#### No. 3552.    Decided October 10, 1906.

**1.—Local Option—Indictment—County Judge—Commissioner's Court—Publication.**

Where in a prosecution for a violation of the local option law, the indictment averred a publication of the result of the election by the commissioners court and not by the county judge, the same is insufficient; and testimony offered to show a particular publication of the result of said election by the county judge was not authorized under the indictment. The law requires the county judge to make such publication, and not the commissioners court.

**2.—Same—Gift—Sale—Charge of Court.**

In a prosecution for violation of the local option law, where the defendant claimed that he wanted to use the dollar he received for the whisky to purchase a dinner; this would not constitute the transaction a gift, and the court was not required to charge on that issue.

Appeal from the County Court of Comanche.    Tried below before the Hon. M. C. McMillan.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Helton & Jackson,* for appellant.—On question of gift: Rundell v. State, 15 Texas Ct. Rep., 308.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of indictment: Loveless v. State, 49 S. W. Rep., 601; Johnson v. State, 55 id., 968; Maddox v. State, id., 833.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

Appellant filed a motion in arrest of judgment which involves the legality of the indictment. The indictment alleges, among other things, that the sale was made after the commissioners court had made an order authorizing the election, etc., and prohibiting the sale of intoxicating liquors, "and thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county"; and thereafter appellant did unlawfully sell to one Harvey Bean intoxicating liquors, etc. The specific objection is that the law requires the county judge to make publication of the result of such election in a newspaper selected by him; or shall cause the same to be published by posting copies of said order in three public places. The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners court, and the entry thus made or copy thereof, certified under the hand and seal of the clerk of the county court shall be held sufficient prima facie evidence of the fact of such publication. See article 3391, Revised Civil Statutes. This same question was also raised by an objection to the testimony, which showed the publication by the county judge of the order as required by law. This testimony was objected to because not in accordance with the allegation in the indictment, that "the commissioners court of said county did pass and publish an order declaring the result of said election," etc. We are not aware that this exact question has heretofore been raised. In Key v. State, 37 Texas Crim. Rep., 77, the information alleged that the order had been published as required by law. The question was not in Stewart v. State, 35 Texas Crim. Rep., 392, as the information was held defective on other grounds. In Drechsel v. State, 35 Texas Crim. Rep., 577, the court, among other things, says that under article 3234, while it is necessary that the result of this election be published for four successive weeks in some newspaper published in the county, wherein such election has been held; and in the absence of such newspaper, the result shall be published by posting copies of such order at three places within the prescribed limits for four successive weeks, it is not necessary that these matters enter into or form a part of the judgment of the court declaring the result of such election. The law makes it incumbent upon the county judge to attend to these matters. It is his duty, under the directions of the statute, and not by an order of the commissioners court. In that case the objection urged was because it did not appear that the commissioners court ordered the publication of the result of such election

in some newspaper or by posting the notice. We held that this was not necessary. It was further held in that case, that it was not necessary that the county judge make the entry on the minutes of the court contemporaneous with his action, but that this could be subsequently done. To the same effect was Crockett v. State, 49 S. W. Rep., 392. In Ludwig v. State, 40 Texas Crim. Rep., 585, it was held that a certificate general in terms that publication had been made as the law requires, was not sufficient, showing some degree of particularity is required in this entry by the judge and certificate by the clerk. The certificate by the clerk is made prima facie evidence of the fact that the publication was made as ordered by the county judge. We do not believe that the indictment here presented was sufficient. It averred a publication of the result by the commissioners court and not by the county judge. This is not a general allegation that said result was published as required by law, but is a special allegation that the publication was made by the commissioners court. The commissioners court is not the county judge and it may not include the county judge, as the commissioners may hold a session of court without the county judge participating therein. We accordingly hold that this indictment is not sufficient, and that the proof offered, which showed a particular publication of the result by the county judge, was not authorized under the indictment.

It is not necessary to discuss other questions raised by appellant. We would observe, however, that in our opinion it would make no difference for what appellant may have wanted to use the dollar he received for the whisky, to purchase a dinner or anything else, would make no difference in regard to a sale of the whisky. If the dollar was turned over to appellant for whisky, although he said he wanted the dollar to get his dinner with, this would not constitute it a gift. It occurs to us that the court would not be required to charge a gift under this character of evidence. For the defect in the indictment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

BROOKS, JUDGE (dissenting).—I do not agree to the overruling of the State's motion for rehearing, and quote with approval from the State's motion as my reasons, the following:

"It is the holding of the court that the indictment was defective, in the following allegation, 'and thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county.' The particular criticism of the court seems to be, that it is not made by statute the duty of the commissioners court to publish the order declaring the result of the election. But that it is the duty of the county judge to do so. It is doubtful that a strict construction of the statute will sustain this proposition. The statute does not in terms declare who shall publish the result of the election. (Article

3391, Revised Statutes.) But it provides that the order of the court declaring the result shall be published for four successive weeks in some newspaper, and provides that the newspaper shall be selected by the county judge. But it does not further provide that he shall publish or cause to be published the order. It is only left to inference who shall do this, and it would appear to be a strong position that the commissioners court was intended to do this, as the county judge is restricted to the mere selection or designation of what particular paper the publication shall appear in. In construing the legislative intent, if the common ordinary construction is placed upon the language of this statute, the county judge is not authorized to publish the order at all. Nor is there any direct command to the commissioners court to do so. But the construction of the statute is not a strained one, to the effect that the commissioners court was intended as the agency through which the publication could be made.

Again, the allegation is broad enough to include the county judge. An allegation to the effect that the commissioners court did publish the result, includes the allegation that the county judge participated therein, because he is a member of the commissioners court: made so by statute.

Under an allegation that the commissioners court did publish the order, the fact of the publication was admissible in evidence, even should it be held that it was the duty of the county judge to have the order published. The most that could be said by way of criticism of the allegation would be that it contains surplusage, and alleged that several other individuals assisted the county judge in the matter, but it contains the allegation that the county judge did publish the order. and therefore the allegation was broad enough to admit the proof.

. That the statute was literally followed is illustrated in the language of the order of the commissioners court, which is in part, as follows: "It is further ordered that the clerk of this court make due entry of this order upon the minutes of this court, and that he deliver a duly certified copy of this order, under his hand and seal, to the publisher of a newspaper, selected by the county judge of this county, to publish the same, and that this order be published for four successive weeks, in the newspaper selected by the county judge, and within the said Comanche County, Texas." The above is quoted from the order of the commissioners court in order to test its admissibility under the allegations of the indictment. The order is in due form. Now lay it by the side of the allegation. It will be seen that it meets the allegation in the indictment, except that there is no allegation that the county judge selected and designated the newspaper to be used in publication, but that part is not essential to be alleged in the indictment, and no question, as I understand it, is made on that point.

Again, apply the test so often used, to wit: Could the defendant plead former conviction or former acquittal after being once tried on this indictment for the same offense, and sustain his plea? Without

undertaking to argue the question, it would seem clear enough that he could sustain his plea on a subsequent trial.

Again, while the particular question raised by appellant on this indictment was perhaps not raised in other cases before the court, yet it might not be amiss to state that this court has approved the form used in this indictment, in at least the following cases: Loveless v. State, 49 S. W. Rep., 601; Johnson v. State, 55 S. W. Rep., 968; Maddox v. State, 55 S. W. Rep., 832.

Again, as persuasive, it might also be noted that the form used is the one provided by both Judges White and Willson in their respective Penal Code and Forms." For these reasons I enter my dissent.