### TOM JONES v. THE STATE.

#### No. 4240.   Decided February 12, 1908.

**1.—Local Option.**

Where upon trial for a violation of the local option law, there were two counts in the indictment, one count charging a sale to two persons, and the other charged a sale to one of these persons, and the case was tried before the court without a jury, and without a motion to elect the conviction was sustained, although one of said counts may have been defective.

**2.—Same—Information—Publication.**

Where upon trial for a violation of the local option law the information charged that the commissioners court had caused said order to be published in the manner and form and for the length of time required by law, the same was sufficient.

**3.—Same—Evidence—Trial Before Court.**

Where upon trial for a violation of the local option law, the case was tried by the court without a jury, and the court explained the defendant's bill of exceptions reserved to certain testimony that he did not regard or consider said testimony in deciding the case, there was no error.

**4.—Same—Sale—Sufficiency of Evidence.**

See opinion for evidence held sufficient to sustain a conviction for the sale of whisky in local option territory.

Appeal from the County Court of Erath.   Tried below before the Hon. M. J. Thompson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

*J. E. McCarty* and *Young & Johnson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the county court of Erath County on a complaint charging him with the sale of intoxicating liquors in violation of the local option law. There were two counts in the indictment. One count charging a sale to Ben Shields and J. R. Walker and the other charged a sale to Ben Shields. There was no election by the State, nor was an election by the State demanded. The case was tried before the court without the intervention of a jury.

Complaint is made, among other things, that this indictment is insufficient, in that the date of the alleged sale to Ben Shields was not alleged in the indictment. This was raised by motion in arrest of judgment, and also on motion for a new trial. Since, however, the trial was before the court, and there is nothing in the judgment or record to indicate on which count of the indictment the appellant was convicted, it is not believed that this complaint, even if good, should be sustained. The judgment recites that the defendant is guilty, as charged in the information, without any finding or adjudication as to whether defendant is guilty in respect to the sale to Shields, or to Shields and Walker. In the absence of anything to the contrary, the judgment of conviction will be held to relate to the unobjectionable count of the complaint.

Again, complaint is made that the information is insufficient, in that, it avers, in substance, the publication of the result of the election was made by the commissioners court. This contention is not sustained by the record. As stated in appellant's brief, the language in the complaint is as follows: "That the commissioners court had caused said order to be published in the manner and form and for the length of time required by law." This we have held to be sufficient in the case of Albert Watson v. State, 52 Texas Crim. Rep., decided at the present term of this court, where all the authorities are reviewed and the conclusion reached that an indictment containing this exact language is sufficient.

The record contains one bill of exceptions only. This, in substance, raises the question of the correctness of the action of trial court in permitting Ben Shields to testify that the State's witness, Walker, came to him, Shields, and gave him $1 to buy whisky; and that he (Shields) went to Tom Jones' place of business and bought one quart of whisky from Upton Norwood, who was a hired hand of defendant. This was objected to on the ground that appellant was not present at the time and place when Shields bought the liquor from Norwood, and, in fact, knew nothing about said transaction. In allowing this bill, the court states that this testimony was not regarded in deciding the case. In view of this statement and explanation of the trial judge, we think that it becomes unnecessary to pass on the question raised in the bill of exceptions; and if we should concede and conclude that same is erroneous,

in view of the fact that the case was tried by the court, if error, it would be immaterial.

The contention is vigorously made by counsel for appellant that the judgment of the lower court is wholly without evidence to support it. We cannot accede to this view. In the first place, it was shown that the defendant had obtained an internal revenue license as a retail liquor dealer covering the time of the alleged sale. The witness Walker testified, that he met the defendant in Dublin, and asked him if he knew where he could get some whisky, and that defendant told him he did not, unless he could get it at the depot; that he (defendant) knew a man by the name of Hamilton who had been taking orders for whisky, and that he said that Hamilton had whisky at the depot; that they then went to the depot; that defendant tried to get witness to say that he was Hamilton, which witness declined to do, but that they both agreed that when they entered the depot to call for Hamilton and ask if there was an express package there for Hamilton, and that when they entered the depot both of them asked if there was an express package there for Hamilton; that the agent looked and told them that there was; that witness furnished $1 and defendant furnished $3; that he (witness) paid the express agent $4 for the package, and that defendant receipted for same; that witness took the package and he and defendant went back to defendant's place of business where witness took one quart of the whisky and left the other with the defendant. Defendant's place of business is repeatedly referred to as the "Ino" joint. On cross-examination, witness says that he did not buy the whisky from defendant; that is, he did not give defendant any money for any whisky. But there was no rescission or departure on cross-examination from the essential facts detailed above. All of these matters, substantially, were denied by the appellant; and so far as they related to him, were denied also by the express agent. Defendant admitted that he frequently took orders C. O. D. for whisky, and he could send to Waco for the whisky; but that he never would take it out of the depot for any one that ordered it, because the express agent would not allow that done. We have thus set out enough of the evidence to show the nature of the question in controversy on the trial. The witnesses were before the court, where the whole matter was inquired into thoroughly. We cannot say that the judgment of the court, looking beyond the mere form of a receipt for whisky from the express agent, under the facts as here presented, that the conduct of the defendant was a mere pretense, an empty form, and that the real transaction was a sale and a violation of the law. There were many reasons, even as judged from the record, which lead us to conclude that the learned court had not erred in his conclusion of fact on the evidence before him. Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*