### ALBERT WATSON v. THE STATE.

#### No. 4207.    Decided February 12, 1908.

**Local Option—Information—Publication.**

In a prosecution for a violation of the local option law, an information which charged that the commissioners court of said county had duly made, passed and entered its order declaring the result of such election and prohibiting the sale of intoxicating liquor within said county as required by law, and had caused said order to be published in the manner and form, and for the length of time required by law, was sufficient. Approving Key v. State, 37 Texas Crim. Rep., 77. Distinguishing Carnes v. State, 50 Texas Crim. Rep., 282; Smith v. State, 51 Texas Crim. Rep., 441; and Baughman v. State, 49 Texas Crim. Rep., 33.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $60 and thirty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.—Citing Carnes v. State, 50 Texas Crim. Rep., 282, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the county court of Grayson County for violation of the local option law, and his punishment assessed at a fine of $60 and thirty days imprisonment in the county jail.

The only question of importance urged as a ground for reversal is that the complaint and information filed in the case charged no offense against the law. To support this contention the authority of Carnes v. State, 50 Texas Crim. Rep., 282, 99 S. W. Rep., 98, is invoked. The decision in that case was rendered by a divided court. Whatever may be

thought of the correctness of the decision then rendered, it is not believed it should be extended beyond the express holding of the opinion in that case. We think the present case is clearly distinguishable from the Carnes case. Article 3391, Sayles' Revised Statutes, provides, in effect, that the order of the court declaring the result of a prohibition election and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose; or if there be no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time. In the Carnes case the information charged that, after the order of the commissioners court was entered prohibiting the sale of intoxicating liquors, that "thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county." The objection was made in that case, "that the law requires the county judge to make publication of the result of such election in a newspaper selected by him, or shall cause the same to be published by posting copies of said order in three public places." It is declared in that case that the law makes it incumbent upon the county judge to attend to these matters, and that it was his duty, under the direction of the statute, and not by an order of the commissioners court. It will be seen, therefore, in the Carnes case, that there was an affirmative and express allegation in the indictment that the commissioners court did pass and publish the order declaring the result, and the indictment was held invalid because this duty was imposed by law on the county judge. The information in this case charges that "the commissioners court of said county had duly made, passed and entered its order declaring the result of such election and prohibiting the sale of intoxicating liquors within said county as required by law, and had caused said order to be published in the manner and form and for the length of time required by law." It was held by this court in the case of Key v. State, 37 Texas Crim. Rep., 77, that an information which charged that "said sale was made after the qualified voters of said county had, at a legal election held for that purpose in accordance with law, determined, that the sale of intoxicating liquors should be prohibited in said county," was a sufficient averment that the election was a legal election and that same was had in pursuance of the necessary requisites pertaining thereto. The effect of the allegation in this case is that the order required to be published had been published in the manner and form and for the length of time required by law. The additional allegation that such publication was caused to be made by the commissioners court does not, in our opinion, invalidate same. We, therefore, overrule the assignment.

There being no error, as we believe, in the record, the judgment of the court below is affirmed.                                    *Affirmed.*

ON REHEARING.

February 12, 1908.

RAMSEY, JUDGE.—This judgment was affirmed at the present term of this court in an opinion holding that the complaint and information filed herein charged an offense against the laws of the State. Appellant has filed an argument on the motion contending that the complaint and information in the case charged no offense against the law, and that the distinction sought to be drawn between this case and the case of Carnes v. State, 50 Texas Crim. Rep., 282, 99 S. W. Rep., 98, rests upon no substantial difference. Attention is also called to the fact that in the case of Smith v. State, 51 Texas Crim. Rep., 441, 100 S. W. Rep., 953, the precise allegation involved in the complaint and information in this case was reviewed by the court in that case, and it was held that it charged no offense; and that a similar ruling in respect to an information identical with the one in question was likewise held defective and the prosecution dismissed in the case of Baughman v. State, 49 Texas Crim. Rep., 33, 99 S. W. Rep., 1165. An examination of the cases shows that this contention and statement of appellant's counsel is in all respects justified by the record. However, we see no occasion to recede from our opinion and position in this case. Attention was called in the original opinion to the fact that the initial case, Carnes v. State, supra, was rendered by a divided court. In that case, as the record shows, Judge Brooks dissented in an opinion of some length, in which his disagreement with the other members of the court was both pronounced and definite. In the later cases cited: that is, in Baughman v. State, and in Smith v. State, and probably other cases, without discussion, and apparently without the difference in the indictments being very distinctly noted, they were assumed to have been brought within the principle laid down in the Carnes case. We do not believe, however, on principle, that they are governed by the decision in the Carnes case. As stated in the original opinion, it has been held, from the days of Key v. State, 37 Texas Crim. Rep., 77, that an information which charged that "said sale was made after the qualified voters of said county had, at a legal election held for that purpose in accordance with law, determined that the sale of intoxicating liquors should be prohibited in said county," was not only a sufficient averment that the election was a legal election, but that same was had in pursuance of the necessary requisites pertaining thereto. Now, even if it be conceded, as held in the Carnes case, that an information is bad, which, in direct and unequivocal terms, avers that the publication of the result has been made by the commissioners court, for the reason that the law provides that the county judge shall make such publication, it cannot, we think, in fairness, be claimed that where the allegation is that the commissioners court had caused the order to be published, in the manner and form and for the length of time required by law, would have the same effect. If in truth publication of the result *was made* in the *manner* and for the

length of time required by law, it is immaterial who caused it to be done. This is but another way of saying that the publication was such publication as the law required, and whether it was caused to be done by the commissioners court, by their sanction, at their solicitation, or over their protest, is utterly and absolutely immaterial and inconsequential. It is not denied that there is some, if not great uncertainty and possible contradiction in the great number of decisions of this court touching these technical questions of pleading and form, which have been thrust upon it by shrewd and ingenuous counsel; but in this case, as in other similar cases heretofore pending and now pending before this court, we have no doubt, after the most mature and patient consideration of all the cases, that the opinion rendered and here again reaffirmed in this case, is, and ought to be the law in respect to the matter raised. So believing, the motion for rehearing is overruled.

*Overruled.*