## JOE SMITHAM v. THE STATE.

### No. 4003.  Decided March 11, 1908.

**Local Option—Information—Publication—County Judge.**

In a prosecution for a violation of the local option law where the information alleged that the commissioners court published the order declaring the results of the election prohibiting the sale of intoxicating liquors, the same was bad on motion to quash.  Following Carnes v. State, 50 Texas Crim. Rep., 282.

Appeal from the County Court of Randall.  Tried below before the Hon. A. N. Henson.

Appeal from conviction of a violation of the local option law; penalty a fine of $65 and forty-five days confinement in the county jail.

The opinion states the case.

*H. H. Cooper,* for appellant.—Carnes v. State, 50 Texas Crim. Rep., 282.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law.

Among other things, it is insisted the complaint and information are insufficient, in that they fail to allege proper publication of the result of the election, and the pleading alleged, "Thereupon the commissioners court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxicating liquors," etc.  In the case of Carnes v. State, 50 Texas Crim. Rep., 282; 17 Texas Ct. Rep., 526, this allegation was held bad.  This case has been followed as being correct inasmuch as the law requires the publication to be made by the county judge.  Subsequent cases have held that if the allegation alleges in general terms that the result was published for the length of time in the manner prescribed by law, it would be sufficient.  See Watson v. State, decided at the present term, following the Stephens case, 97 S. W. 483.  The Stephens case was followed in Carnes v. State, 50 Texas Crim. Rep., 282; 103 S. W. Rep., 394; Benson v. State, 101 S. W. Rep., 224, and Goen v. State, 101 S. W. Rep., 232.  Under the authority of the Hode Carnes case, supra, the indictment is not sufficient; therefore, the motion to quash should have been sustained.

It is deemed unnecessary, with this view of the case, to discuss the other questions, but for the reasons indicated, the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and Dissmised.*

RAMSEY, JUDGE.—The identical question, was ruled adversely to the State in the Carnes case, cited above.  Unless I was clear that the

opinion in that case was erroneous, I should not, at this late day, feel disposed to overrule it. I am, however, inclined to believe that the Carnes case was properly decided. In any event I concur in the result reached.