Fump Coursey v. The State.

No. 4597.   Decided October 17, 1917.

**1.—Local Option—Indictment—Publication of Order.**

Where, upon trial of a violation of the local option law, the indictment alleged that the Commissioners Court of said county did pass and publish an order, declaring the result of said election, etc., and that thereupon said order was published for the time and in the manner required by law, the same was sufficient. Following Watson v. State, 52 Texas Crim. Rep., 551, and other cases. Distinguishing Smithham v. State, 53 Texas Crim. Rep., 173.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no reversible error.

**3.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered evidence did not come within the rule, in that it must have been known to defendant before trial, there was no reversible error.

Appeal from the District Court of Cooke. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. L. Gettys* and *W. S. Moore* and *Culp & Culp,* for appellant.—On question of insufficiency of indictment: Carnes v. State, 99 S. W. Rep., 98; Smitham v. State, 53 Texas Crim. Rep., 173, 108 S. W. Rep., 1183; Watson v. State, 52 Texas Crim. Rep., 551, 107 S. W. Rep., 544.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at two years confinement in the penitentiary.

The indictment is attacked because of insufficiency in alleging the publication of the order declaring the result. The particular portion which is the subject of criticism is as follows: ". . . and thereupon the Commissioners Court of said county did pass and publish an order declaring the result of said election and prohibiting the sale of intoxi-cating liquors in said county, and thereupon said order was published for the time and in the manner required by law, and thereafter on or about the 15th day of December, A. D. 1916," etc., appellant sold intoxicating liquors. Under the authority of Watson v. State, 52 Texas Crim. Rep., 551, and Jones v. State, 52 Texas Crim. Rep., 519, this allegation in the indictment seems to be sufficient. This indictment does not come within the rule laid down in the Smitham case, 53 Texas Crim. Rep., 173. There are quite a number of cases preceding the Smitham case, all to the same effect, but in those cases the indictment only alleged that the order was published by the Commissioners Court. A comparison of the Jones and Watson cases, supra, with that line of cases, including the Smitham case, supra, show that the court has drawn a distinction between the character of indictment here set out and those mentioned in the Smitham and preceding cases, sustaining both line of cases, and holding them not in conflict or incongruous. We are of opinion that under the authority of the cases of Watson and Jones, supra, this indictment is sufficient.

It is contended that the evidence is not sufficient. Under a number of cases, which we deem unnecessary to cite, we are of opinion the State's evidence justified the verdict.

There is an affidavit of Price attached to the motion for new trial which would indicate, had he been a witness, he would have testified that appellant did not work for him at the time that State's purchasing witness testified he did, and at the time of the sale of the whisky. This was not newly discovered testimony. All those facts, if true, appellant knew at the time of and before the trial, and no attempt was made to secure the attendance of Price.

As this record is presented to us we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

[This case reached Reporter December, 1917.]