## Usebio Mejia *v.* The State.

No. 7375.  Decided December 13, 1922.

**Rape—Newly-Discovered Evidence—Motion for New Trial.**

In the absence of a reason given in the motion, for a failure to produce the new witnesses at the trial, and of some degree of diligence to show that appellant brought himself within the rules of law governing a motion for new trial, upon the ground that the new evidence had been discovered, the same was correctly overruled.  Following Burns v. State, 12 Texas Crim. App., 269, and other cases.

Appeal from the District Court of El Paso.  Tried below before the Honorable W. D. Howe.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Meyer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The prosecution is for rape; the judgment condemns the appellant to confinement in the penitentiary for a period of fifteen years.

Isabel Gonzales, a girl seventeen years of age, testified to a rape by force.  She had no previous acquaintance with the appellant, but he, under the pretext of taking her to a place where she might get work, induced her to accompany him to a remote locality where the assault was made.  She made outcry and the appellant fled.  Marks upon her body and facts revealed on examination by medical men corroborated her statement touching penetration and force.  She described her assailant as a short fellow, dark complexioned, "pock marked," had thick upper lip, some hair on lip, dressed in blue overalls, jumper and striped shirt, very dirty.  In the struggle, she had kicked him on the side of his mouth.

The appellant was arrested in company with another man, who was slightly taller.  Both were taken in custody and exhibited to the girl. She identified the appellant as her assailant.

Appellant testified and denied his identity as the assailant of the girl.  He explained the bruise upon his face as due to the mistreatment by the police.

The sister of appellant and other witnesses testified in support of appellant's claim of alibi.

The motion for new trial is based upon alleged newly discovered evidence and is supported by the affidavits of two witnesses, to the effect that they had known the appellant for ten months prior to the

date of the alleged offense and had seen him almost every day for several weeks; that at no time during the several weeks just antecedent to the date of the offense did he wear a mustache; in fact, the witnesses had never seen him wearing a mustache. They lived near the appellant and saw him very often. It was developed upon the trial that the prosecutrix claimed that her assailant, at the time of the assault, wore a little mustache. This fact was controverted by the appellant and his sister. Other witnesses, including his intimate friends, who supported his alibi made no mention of the mustache. No reason is given in the motion for the failure to produce the new witnesses at the trial. They were both neighbors. If the appellant wore no mustache, he knew that fact, and in the absence of some degree of diligence to bring witnesses to prove it, he manifestly does not bring himself within the rules of law governing a motion for new trial upon the ground that new evidence has been discovered. See Code of Crim. Procedure, Art. 837, subdivision 6, and cases listed in Vernon's Texas Crim. Stat., Vol. 2, p. 777. Among these are Burns v. State, 12 Texas Crim. App., 269; Reagan v. State, 28 Texas Crim. App., 227; Bruce v. State, 31 Texas Crim. Rep., 500; Wheeler v. State, 34 Texas Crim. Rep., 942; Jackson v. State, 81 Texas Crim. Rep., 597; Coursey v. State, 82 Texas Crim. Rep., 272; Lewis v. State, 82 Texas Crim. Rep., 285; Williams v. State, 83 Texas Crim. Rep., 26; Morgan v. State, 82 Texas Crim. Rep., 615; Johnson v. State, 86 Texas Crim. Rep., 276; Jones v. State, 89 Texas Crim. Rep., 355, 231 S. W. Rep., 122.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*