(107 So. 296)

No. 27192.

## STATE v. WILLIAMS.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** &#9758;695(4)—**Objection to introduction of bottles on ground that bottle contained grain alcohol, and not whisky, without merit, where proof showed contents to be corn whisky.**

In prosecution for possession of whisky for sale, objection to introduction of bottles on the ground that one bottle contained grain alcohol, and not whisky, *held* without merit, where proof was that it contained corn whisky.

2. **Witnesses** &#9758;370(4)—**Evidence of witness' illicit relations with defendant proper as affecting reliability of her testimony.**

In prosecution for possessing whisky for sale, evidence of illicit relationship between defendant and his witness was proper as affecting the reliability of her testimony, and fact that testimony was embarrassing to witness did not affect its admissibility.

3. **Criminal law** &#9758;493.

Evidence acquired by the sense of smell is not less valid than that acquired by any of the other senses.

4. **Criminal law** &#9758;459—**Allowing state's attorney to ask witness to smell liquor and say what kind it was not error.**

In prosecution for possessing whisky for sale, it was not error to allow district attorney to ask state's witness to smell liquor and say whether it was whisky, white lightning, or alcohol.

5. **Intoxicating liquors** &#9758;227—**Where defendant introduced evidence of reputation as law-abiding citizen, state could show reputation as bootlegger.**

In prosecution for possessing whisky for sale, where defendant had put his reputation at issue by introducing evidence that he was law-abiding citizen, it was proper to allow district attorney to prove his reputation as a bootlegger.

6. **Criminal law** &#9758;376—**Rules relative to admissibility of reputation evidence not applied as strictly in court cases as in jury cases.**

Rules relative to admissibility of evidence of reputation should not be applied so strictly in cases tried by judge as in those tried by jury.

7. **Criminal law** &#9758;466—**Permissible for district attorney to cross-examine witness, who testified liquor was alcohol, as to whether corn whisky was not practically pure alcohol.**

In prosecution for possessing whisky, it was not error to permit district attorney to cross-examine defense witness as to whether corn whisky was not practically pure alcohol, to show that witness might be mistaken in his belief that liquor in question was pure alcohol.

8. **Criminal law** &#9758;1170½(2)—**Answer by witness that he did not know percentage of alcohol in corn whisky held harmless, if question erroneous.**

In prosecution for possessing whisky for sale, where defense witness was asked, on cross-examination, if corn whisky was not practically pure alcohol, his answer that he did not know percentage of alcohol in corn whisky was harmless to defendant, even if question was erroneously permitted.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

C. D. Williams was convicted of having whisky in his possession for sale for beverage purposes, and he appeals. Affirmed.

Charles A. Holcombe, of Baton Rouge, for appellant.

Percy Saint, Atty. Gen., and John Fred Odom, Dist. Atty., of Baton Rouge (E. R. Schowalter, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the offense of having whisky in his possession for sale for beverage purposes.

[1] The record contains 13 bills of exception. Two of the bills relate to an objection to the introduction in evidence of several bottles, and the contents of one of the bottles, which a deputy sheriff identified as bottles that he had found on the defendant's premises. The objection was that the one bottle that was not empty contained grain alcohol, not whisky. The defendant testified that the liquor in the bottle was grain alcohol, but the proof was that it was corn whisky. There was, therefore, no merit in the objection.

[2] Seven of the bills of exception were

taken to rulings allowing the district attorney to prove that an unmarried woman, who was an important witness for the defendant, was living in concubinage with him, occupying a bedroom in the rear of his grocery store, where the whisky was said to be kept for sale. The woman ran the store for the defendant when he was absent, attending to his duties as a railroad employee; and there was evidence that she had sold whisky there. The objection to the attack upon her chastity was the general proposition that a woman's chastity has nothing to do with the question of her veracity. The object of the district attorney in this case, however, was not to show merely that the witness was of unchaste character, but to show that her relation to the defendant was such as to make her testimony in his behalf less reliable than it would have been if there had been no intimacy between them. For that purpose the evidence was relevant, and the fact that it was embarrassing did not affect its admissibility.

[3, 4] A bill of exceptions was taken to the judge's allowing the district attorney, over the defendant's objection, to ask a witness for the state to smell the liquor that had been introduced in evidence and say whether it was whisky or white lightning or alcohol. The objection was that the smelling faculty of a witness was not a valid or reliable means of acquiring evidence. Our opinion is that the objection went to the effect or sufficiency of the evidence, not to its admissibility. It may be that the witness did not know the difference between the odor of white lightning and the odor of better whisky, or the difference between the odor of whisky and that of pure alcohol; but evidence acquired by the sense of smell is not less valid than that acquired by any other of the senses.

[5, 6] A bill of exceptions was taken to the court's allowing the district attorney to prove the general reputation of the defendant. The witness, to whose testimony the objection was made, was on cross-examination. He testified, in substance, that the defendant had the reputation of being a bootlegger. The defendant had put his reputation at issue by introducing evidence that he was generally reputed to be a law-abiding citizen in that respect. Evidence to the contrary was therefore admissible. The testimony of the witness, as to the extent of his knowledge of the defendant's general reputation, and as to when he acquired the knowledge, was rather weak; but that objection related more to the effect or sufficiency of the evidence than to its admissibility. The rule in regard to such evidence should not be applied so strictly in cases that are tried by a judge, whose profession and training is to judge of the validity, as well as the sufficiency, of the evidence, as in cases that are tried by a jury, unskilled in such matters.

[7, 8] A bill of exceptions was taken to the overruling of an objection to a question put by the district attorney to a witness for the defense, on cross-examination; the question being whether corn whisky was not "practically"—meaning almost—pure alcohol. It was alleged in the bill of information—and the state's witnesses had testified—that the liquor in question was whisky. The object of the question objected to was, manifestly, to show that the witness might be mistaken in his belief that the liquor was pure alcohol. For that purpose, the question was permissible. Besides which, the answer of the witness was harmless, for he said that, although he knew the difference in taste between corn whisky and pure alcohol he did not know what percentage of alcohol there was in corn whisky.

A bill of exceptions was taken, of course, to the overruling of a motion for a new trial. The motion was merely a reiteration of the complaints which we have disposed of. We do not find any error in the rulings complained of.

The conviction and sentence are affirmed.