(110 So. 721)

No. 28162.

## STATE v. LOWERY.

(Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** ⊗⟹238(2)—**Refusal of charge, that no sale of intoxicating liquor, was proved, held proper.**

Refusal of charge, that, since witnesses, claimed to have purchased whisky, denied any purchase from defendant, no sale was proved, *held* proper, judge being of opinion that defendant's admission was sufficient to show sale and establish guilt.

2. **Criminal law** ⊗⟹781(6)—**Refusal of charge, in prosecution for sale of intoxicating liquor, that standing silent was not admission of guilt, held proper.**

Refusal of charge that defendant's standing silent, when accused, was not, of itself, admission of guilt *held* proper, court having charged

that circumstances governed whether standing silent was admission of guilt.

3. **Criminal law** ⊗⟹782(1)—**Refusal to charge that hearsay evidence was inadmissible to secure conviction held proper.**

Refusal of charge that "hearsay evidence is not admissible to secure a conviction," *held* proper, court having charged that hearsay evidence alone was insufficient and inadmissible to show guilt, and no hearsay evidence having been considered by court in arriving at verdict.

4. **Intoxicating liquors** ⊗⟹239(10)—**Charge, in prosecution for sale of liquor, that proof of payment for liquor was not required, where accused admitted sale, held proper.**

It being within province of court to determine from accused's admission and circumstances surrounding admission whether there was liquor sale, charge that proof of payment for liquor was not required, where accused admitted sale, in lieu of requested charge that to be sale there must be price and that, there being no testimony as to purchase of but only as to obtaining of liquor, there was no sale, *held* proper.

5. **Criminal law** ⊗⟹1170½(1)—**Questioning own witness by prosecutor as to former statement concerning liquor purchase from defendant held harmless error.**

Where, in prosecution for sale of liquor, after denial by witness for prosecution that she had ever purchased liquor from defendant, prosecutor attempted to impeach statement by question as to former statement to sheriff of liquor purchase from defendant, such impeachment, while error, *held* harmless, evidence not having been considered in arriving at verdict.

6. **Criminal law** ⊗⟹1170½(1)—**Questioning own witness by prosecutor concerning admissions that witness and husband had obtained liquor from defendant held harmless error.**

Questioning of state's witness, in prosecution for sale of intoxicating liquor, as to letter written by witness to husband, admitting obtaining of liquor by both husband and witness, while hearsay in character and attempt by state to impeach own witness, *held* harmless error, evidence not having been considered in arriving at verdict.

7. **Criminal law** ⊗⟹1169(1)—**Admission of illegal testimony offered by state in jury case, concerning material part of case, vitiates verdict against defendant.**

In jury trial, admission of illegal testimony offered by state, relative to material part of case, vitiates verdict against defendant, it being impossible to say that illegal evidence did not influence jury in arriving at verdict.

8. **Criminal law ☜1169(1)—In trial to court, conviction supported by proper evidence will not be disturbed, though state introduced illegal evidence.**

Where trial is had before judge, without jury, conclusions and findings will not be disturbed, though evidence admitted was illegal, if trial court found state's case to be made out without such illegal evidence.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

Jess Lowery was convicted for selling intoxicating liquor, and he appeals. Affirmed.

J. W. Elder, of Farmersville, for appellant.

Percy Saint, Atty. Gen., and Percy T. Ogden, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, of New Orleans, of counsel), for the State.

THOMPSON, J. The defendant appeals from a sentence to pay a fine of $500 or an alternative term of imprisonment, having been convicted for selling intoxicating liquor.

Six bills of exception are submitted for consideration, two of which relate to the admissibility of certain testimony and four to the refusal of the trial judge to give special charges.

[1] The first requested charge was:

"Where only witnesses claimed to have purchased or obtained whisky have, on the stand, denied obtaining or purchasing any whisky from defendant, and no other witness claimed to be present at the time of sale, then there is no sale proved."

The judge declined to give the charge for the reason (in effect, though not specially stated) that it was not applicable to the proved facts, the judge being of the opinion that the admission of the defendant, taken in connection with other circumstances, was sufficient to show a sale and to establish defendant's guilt. We find no error in the refusal to give the charge.

[2] The second requested charge was:

"Standing silent, when accused by the sheriff, is not, of itself, a confession or admission of guilt."

The court declined to give the charge as requested, but did charge that it depends on circumstances whether standing silent, when the sheriff himself accuses the party with a sale, is an admission of guilt or not.

It appears that it was the witness who purchased the liquor, and not the sheriff, who made the accusation against the accused, in presence of the sheriff and others. It was perfectly proper and admissible for the judge to take into consideration the circumstances under which the accusation was made, and to determine therefrom whether the action and words of the accused should be given the effect of an admission of guilt.

[3] The court was further requested to charge that:

"Hearsay evidence is not admissible to secure a conviction."

The court charged instead that hearsay evidence alone is insufficient and inadmissible to show guilt, and, in this connection, the judge says that there was no hearsay evidence introduced by the state to make this proof, and, least of all, there was no hearsay statement, offered or considered by the court in determining the question of the guilt or innocence of the accused, other than the statements made by the accused himself.

The statement of the judge that no hearsay evidence was considered by him in arriving at a verdict cured whatever error there might have been in admitting hearsay evidence, if any such evidence had been admitted, and left the defendant without cause of complaint at the refusal to give the charge requested.

[4] The next requested charge was:

"To be a sale, there must be a price, and, when there is no testimony at all as to a purchase, but as to having obtained liquor, then there is no sale."

The court, in lieu thereof, charged that proof of payment of price for the liquor is not

required where the accused admitted the sale, and, in his per curiam, the judge says that the admission of anything is all sufficient; viz., the thing, the price, and the consent of vendor and vendee.

It was within the province of the court to determine, from the admission of the accused and the circumstances under which said admission was made, whether or not there was a sale of the liquor in question established.

It is not within the power of this court to say that the judge was in error in concluding from the evidence that a sale had been made.

[5] The principal witness for the state, Mrs. Aiken, denied positively that she had ever bought, or secured, or had seen any one else secure or buy any intoxicating liquor from defendant, whereupon the district attorney asked her if she had not, on another occasion, told the sheriff that she had bought liquor from the defendant, to which question the defendant objected on the ground that the state could not impeach its own witness. The witness answered that she might have told the sheriff that she had bought whisky from the defendant on such other occasion.

The judge states that the witness gave every indication that she had been influenced to commit perjury and to repudiate every statement she had made to the sheriff and his deputy, calculated to fix guilt upon the accused. The judge also states that there was no attempt by the state to impeach its own witness.

We think the question propounded was subject to two objections, first it tended to impeach the truth of the statement of the witness that she had never bought any whisky, at any time, from the defendant, and, second, it was an attempt to prove that the witness had bought whisky from the accused, on another occasion, by the witness' statement to a third person out of the presence of the accused. The evidence sought by the question was pure hearsay. It should not have been admitted.

However, the admission of the evidence was a harmless error, as we shall hereafter show.

[6] As appears from another bill, the same state witness was asked to examine a letter which she had written to her husband, and to state if she had not admitted in the letter that she had obtained liquor or had seen her husband obtain liquor from defendant. The objection was made that the evidence was hearsay and an attempt by the state to impeach its own witness. The objections were overruled, and the witness answered that she had written such a letter.

The objections should have been sustained for the reasons already stated in considering the previous question.

It is no answer to say that the letter was presented to the witness and that the inquiry as to its contents was for the purpose of enabling the witness to refresh her memory. The inquiry could only have been, either to impeach the witness by showing a statement in the letter inconsistent with the testimony of the witness given on the trial, or to prove a purchase of whisky from the defendant on another and different occasion from the one for which defendant was on trial, a fact which could not be established by a declaration of the witness made in the letter referred to.

The judge, however, states that in passing on the case and in arriving at a verdict of guilty not one word of the testimony of Mrs. Aiken was considered by him and relied on by the state for conviction.

In these circumstances, we would not be justified in setting aside the conviction and remanding the case for a new trial on account of the errors in the admission of the testimony complained of. For it must be assumed that the same verdict would be rendered on a second trial in which the testimony of the witness Mrs. Aiken was ruled out.

[7] The case would be different if the trial had taken place before a jury. In a trial before a jury, the admission of illegal testimony offered by the state, bearing on a material part of the case, vitiates a verdict against the defendant, and this for the reason that it is impossible for the court to say that the illegal evidence was not considered by and did not influence the jury in arriving at its verdict.

[8] A different situation is presented, however, when the trial is had before the judge without a jury. In such cases, the judge passes upon the evidence, as well as upon the law, and, if, after hearing all of the evidence, he concludes that he has made a mistake in admitting certain evidence, or finds that the case of the state is made out without such illegal evidence, he is justified in ignoring such evidence and finding the accused guilty.

In all such cases, the conclusion and finding of the judge will not be disturbed.

We took occasion to say, in State v. Williams, 160 La. 438, 107 So. 296, that:

"The rule in regard to such evidence should not be applied so strictly in cases that are tried by a judge, whose profession and training is to judge of the validity, as well as the sufficiency, of the evidence, as in cases that are tried by a jury unskilled in such matters."

The conviction and sentence are affirmed.