175 So.2d 210 (1965)
Rudolph Robert CAPITOLI, Arthur Michael Newman, Appellants,
v.
STATE of Florida, Appellee.
No. 4745.
District Court of Appeal of Florida. Second District.
May 12, 1965.
Rehearing Denied June 3, 1965.
*211 Joseph A. Varon, Hollywood, for appellants.
Earl Faircloth, Atty. Gen., Tallahassee, and Victor V. Andreevsky, Asst. Atty. Gen., Miami, for appellee.
SMITH, Chief Judge.
Tried by the court without a jury the appellants were convicted of breaking and entering with intent to commit grand larceny. They seek reversal on the ground that the trial court erred in admitting over their objections certain evidence allegedly obtained by an unreasonable search and seizure. The record affirmatively discloses that the trial judge disregarded such evidence and based his findings exclusively upon other evidence which amply supports his findings. We affirm on the ground that the error, if any, in admitting the challenged evidence was harmless under the circumstances.
The record discloses that the appellants' motions to suppress, filed September 10, 1963, came on to be heard on January 2, 1964, before the Hon. Louis Weissing and that the trial itself commenced the next day before the same judge, sitting without a jury, immediately after the conclusion of the hearing on the appellants' motions. The record further discloses that the trial court deferred ruling on the appellants' motions until the conclusion of the trial at the request of the appellants' counsel and contrary to a request by the state's attorney that he rule on these motions prior to the commencement of the trial. Finally, at the conclusion of the trial, immediately prior to sentencing, the court made the following observations for the record:
"Gentlemen, I think the evidence is sufficient here, disregarding the search and seizure, although I feel, Mr. Varon, that the search and seizure was all right under the facts of this case  but just the fact of the boy pointing out the *212 men to the officer and the officer chasing them and catching them, and the store had been broken into and the amount of goods stolen and so forth, to sustain the charge here. So I am finding both of them to be guilty and adjudging them to be guilty as charged in the information.
"In addition to that I would like to say I think the arrest was a lawful arrest, and in addition to that I think the search and seizure was also proper. Now, I might mention a couple of things for the purpose of the record. I think some of the State's Exhibits, they may have come out of the trunk of the car, and stuff like that, and it does not impress me. I am not paying any attention to that. I am going strictly to the primary case. I don't even know what these gadgets are laying there, but there are three exhibits on Mr. Moore's desk. Now, that does not even enter into it. Just the fact of the identification, the store was broken into, the amount of goods that the owner testified were missing, I think that fully substantiates the charge here."
Ignoring the items of evidence obtained by the challenged search and seizure and all testimony based on such items, the record contains evidence amply sufficient to sustain the convictions. Moreover, that evidence, taken by itself, leaves no doubt of the appellants' guilt. Since the trial judge, sitting without a jury, stated that he based his findings exclusively upon such evidence and that he disregarded the challenged evidence, the error, if any, in the admission of such evidence was harmless. Section 54.23[1] and 924.33,[2] Fla.Stats., F.S.A.; Butler v. United States, 7 Cir.1943, 138 F.2d 977, 980;[3] State v. Davis, 1945, 208 La. 954, 23 So.2d 801, 810;[4] State v. Roach, 1927, 163 La. 329, 111 So. 775;[5] State v. Lowery, 1926, 162 La. 465, 110 So. 721, 722;[6] Jones v. State, 1908, 52 Tex.Cr.R. 519, 107 S.W. 849;[7] Birmingham v. State, 1938, 228 Wis. 448, *213 279 N.W. 15, 17-18, 116 A.L.R. 554, 558;[8] Annotation: Reception of incompetent evidence in criminal case tried by court without jury as ground of reversal, 116 A.L.R. 558 (1938) at pages 561-562 (where trial court indicates evidence relied on); 24B C.J.S. Criminal Law § 1915(18) at notes 44 and 45.[9] In view of the trial judge's statement for the record we need not and do not decide what result would be reached if no such statement appeared.[10]
Affirmed.
WHITE, J., and ANDERSON, ALLEN C., Associate Judge, concur.
NOTES
[1] "No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." Section 54.23, Fla. Stats., F.S.A.
[2] "No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant." Section 924.33, Fla.Stats., F.S.A.
[3] "The other matters mentioned therein related to [the appellant] Erwin. As to those matters, the court stated that they would not be considered against Erwin."
[4] "The tickets thus identified were the only ones from the three bundles considered by the judge, according to his per curiam, in reaching his decision * * * If the remainder of the three bundles were improperly admitted, defendant was not prejudiced thereby; they were not taken into consideration by the trial judge."
[5] "The testimony was irrelevant, but the record shows that the defendant was not prejudiced by its admission. The trial judge states that he did not consider it in arriving at his judgment, and that there had been ample evidence adduced to warrant defendant's conviction before the objectionable testimony was admitted."
[6] "The judge, however, states that in passing on the case and in arriving at the verdict of guilty not one word of the testimony of Mrs. Acken was considered by him and relied on by the state for conviction."
[7] "The record contains one bill of exceptions only * * * In allowing this bill the court states that this testimony was not regarded in deciding the case."
[8] "The trial court, before finding the defendant guilty, stated that it considered some of the testimony irrelevant, incompetent, and immaterial, and then said: `Now, I will decide this case absolutely on the relevant testimony in the case and after having cut out so to speak all the irrelevant testimony that has been admitted. Now, on the facts in this case, I find the defendant guilty.'"
[9] "Error in the admission of evidence in a trial by the court without a jury will not be ground for reversal where accused was not prejudiced thereby, as * * * where the declarations of law indicate that such evidence did not affect the result; where the court states * * * that certain evidence erroneously admitted was not regarded * * *" See also 5A.C.J.S. Appeal and Error § 1728 at notes 65 and 66: "* * * error, if any, in admitting evidence is considered to be * * * harmless where it affirmatively appears that the admission of the particular evidence objected to did not influence the judgment of the court, as where the judge states, or the findings show, that he did not consider the erroneously admitted evidence in arriving at his decision."
[10] See Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (new trial awarded both defendants even though narcotics were admissible against second defendant since statement of first defendant relied upon by prosecution was not corroborated by evidence admissible against him and Court could not be certain from record that trial judge did not consider contents of first defendant's statement as well as the narcotics as source of corroboration of second defendant's admissions). But see State v. Garcia, 1964, 97 Ariz. 102, 397 P.2d 214 (admitting evidence of other crimes not reversible error in case tried by judge without jury where it did not clearly appear that findings would have been different if such evidence had not been admitted); Peterson v. State, 1953, 157 Neb. 618, 61 N.W.2d 263 (in action tried by court without a jury the erroneous admission of evidence is immaterial on appeal where the judgment below is sustained by sufficient competent evidence); Topolewski v. State, 1906, 130 Wis. 244, 109 N.W. 1037, 7 L.R.A.,N.S., 756 (in case tried by court admission of improper evidence is regarded on appeal as harmless unless it clearly appears that, but therefore, the finding would probably have been different); Annot., 116 A.L.R. 558, 558-559 (1938): "There is a presumption, in the Federal courts, that where the court sits without a jury in a criminal prosecution, it acts only on the basis of the proper evidence * * * And this presumption also obtains in several state courts * * *." 5 C.J.S. Appeal and Error § 1564(5); McCormick, Handbook of the Law of Evidence (1954) § 60; 4 Jones on Evidence (5th ed.) § 980.